## MARYLAND CASUALTY CO v BANKERS INDEMNITY INS CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14539.   Decided July 6, 1935

Otto G. Graeff, Cleveland, for plaintiff in error.

Bulkley, Hauxhurst, Inglis & Sharp, Cleveland, for defendant in error.

MIDDLETON, PJ, BLOSSER, J, and McCURDY, J, (4th Dist) sitting by designation.

## OPINION

By BLOSSER, J.

The Maryland policy is in the form known as a hired car policy. It indemnifies the freight company from any liability incurred as a result of the operation of automobiles hired by the freight company. The deceased was injured as a re-

sult of the operation of the truck hired by the freight company from the transfer company. One of the purposes of the Maryland policy was to furnish protection to the freight company against loss by reason of any accident arising from its use of hired trucks. This policy insures generally against accidents resulting from the use of hired cars. The accident in which the deceased was injured occurred as a result of the operation by the freight company of a truck owned by the transfer company and rented to the freight company for use in its own business, and at that time the truck was being operated by an employee of the freight company in the course of his employment. Under this state of facts it would seem that the accident involved in this litigation was covered by the Maryland policy unless some other provision of the policy would exclude it.

The Bankers policy was issued to the transfer company which was the owner of the truck but that company was not operating the truck at the time of the accident. The transfer company was not sued in the personal injury action as the truck at the time of the accident was being operated by the freight company in the course of its business. As the Bankers policy is what is known as a $1,000 deductible policy no insurance is created by the Bankers policy for the first $1,000 of any loss sustained by its insured. By its terms the assured agrees to bear any loss up to $1,000, and the insurance company agrees to bear any loss over $1,000 within the terms of its policy. Under these terms the Bankers company would not in any event, be liable for anything unless it would be liable for the excess over $1,000. The judgment in the damage suit rendered in the court below is not against the transfer company which was insured by the Bankers Company but it is against the freight company which was insured by the Maryland Company. The Maryland Company asserts that the freight company is also insured under the Bankers policy by the so-called omnibus clause of the Bankers policy, by the terms of which insurance is extended to any other person than the named assured while riding in or legally operating the truck with the consent of the owner. It is asserted that the freight company can not claim the benefit of this omnibus provision of the Bankers policy, by reason of a paragraph in the policy as follows:

"If the named assured carries any other insurance covering concurrently a loss covered by this policy the company shall be liable only for the portion of such loss which the sum hereby insured bears to the whole amount of valid and collectible insurance, but if any person, firm or corporation other than the named assured has valid and collectible insurance against any claim or loss, then such person, firm or corporation shall not be covered under this policy."

As the freight company is a corporation other than the named assured and has valid and collectible insurance in the Maryland Company, it is excluded by this language from any benefit under this provision of the Bankers policy. Under this provision of the policy it would seem that it was not intended to protect the insured borrower or to relieve the borrower's insurer from its liability.

Maryland asserts that it is not liable by reason of the last paragraph of its hired car endorsement, which is as follows:

"It is also understood and agreed that the condition of the policy reading as follows: 'If the named assured carry other insurance covering concurrently a claim covered by this policy he shall not recover from the company a larger proportion of any such claim than the sum hereby insured bears to the whole amount of valid and collectible concurrent insurance,' shall not include as other or concurrent insurance within the meaning of said condition any insurance covering the named assured by virtue of any policy taken out by the owner and/or operator of any hired automobile and/or trailer covered by this endorsement, but the coverage of the named assured by this endorsement shall be an excess coverage as to such insurance, and if the named assured is covered by valid and collectible insurance taken out by the owner and/or operator against a claim otherwise covered by this endorsement, no interest under this endorsement shall be applicable to such claim."

Before Maryland can take advantage of this provision it must show that its assured is covered for this loss by the Bankers policy. The Bankers policy does not cover any one for the first $1,000 loss and it also excludes from its omnibus protection any person other than its own named assured who carries insurance against loss in his own name. The Bankers policy applies only to situations and conditions which fall within its terms. By reason of the omnibus protection it excludes persons, firms or corporations who carry insurance in their own name.

The principles involved in this case were before the United States Circuit Court of Appeals in the case of Penn v Indemnity Co., 68 Fed. (2) 567, and that court announced the conclusion herein reached.

Council for the Bankers Company have cited the case of Commercial Casualty Co. v Hartford Accident & Indemnity Co., (Minn.) 252 NW 434, and assert that the case under review falls within the case cited. We think, however, that there is a distinction. In the Minnesota case the truck was being operated by an employe of the owner while in this case the truck was being operated by an employe of the freight company. In the Minnesota case the question of primary and secondary liability is discussed.

Here we have a situation where each policy contains a provision in substantially the same language which seeks to exclude its own company from liability under the established facts in the case. The collision having occurred while the freight company was operating a borrowed truck by one of its employes in the course of its business the freight company is primarily liable while the transfer company is not primarily liable. The freight company is covered by the borrowed car provision of the Maryland policy. Under these circumstances there is more reason to hold Maryland liable than Bankers.

For the above reasons the Maryland Casualty Company should be held liable for the amount of the loss and the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed.

MIDDLETON, PJ, and McCURDY, J, concur.