TRAVELERS INDEMNITY CO., APPELLEE, *v.* STATE AUTO-
MOBILE INS. CO. ET AL., APPELLANTS.

(Decided March 27, 1941.)

*Messrs. Arnold, Wright, Purpus & Harlor,* for appellee.

*Mr. B. B. Bridge* and *Mr. Paul R. Gingher,* for appellant, State Automobile Mutual Insurance Company.

GEIGER, P. J.   This matter is before this court on appeal from the Court of Common Pleas on questions of law from an action in which the plaintiff seeks a declaratory judgment of the court as to which of the two insurance companies, one the plaintiff and the other the defendant, is liable under the policies, which are conceded to cover the loss incurred except in so far as the liability of either of the companies may be avoided by the provision of the policies in reference to extended insurance.

The case was tried upon an agreed statement of facts

and the court, at the request of counsel, made a finding as to facts and as. to law.

The bill of exceptions is devoted to a statement to the court of the respective claims of counsel and an agreed statement of facts, together with the finding of the court, a jury being waived. .

The agreed statement may be epitomized to the effect that each of the insurance companies had a policy involved under the issues.

On or about May 18, 1938, the defendant, the State Automobile Mutual Insurance Company, which will hereafter be referred to as the state company, entered into a contract with one John Q. Adams, who is the father of Ivan R. Adams, a defendant. Each of these had insurance policies issued to him, and each was insured under the extension clause of the other's policy. We will hereafter refer to John Q. Adams as the father and to Ivan R. Adams as the son.

On the 18th day of May 1938, the defendant, the state company, entered into a contract with the father, the owner of an Oldsmobile automobile, which contract is marked Exhibit "C."

The policy issued by the state company to the father, limited the liability for bodily injury to $25,000 for each person, and $50,000 for each accident, with a limit of property damage liability of $5,000.

In an omnibus coverage marked paragraph 4, on page 2 of the policy under the general heading of "Additional Provisions" there is a provision: "The unqualified word 'insured' wherever used in coverage A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured, but also any person while using the automobile * * * and the provisions of this paragraph do not apply: (a) to any person or organization with respect to any loss against which he has other valid and collectible insurance."

On September 14, 1938, the indemnity company en-

tered into a contract with the son, issuing a policy of insurance upon a Packard coupe in the sum of $20,000 for bodily liability and $5,000 for property damage.

Paragraph III on the second page of this policy provided that the "unqualified word 'insured' used in coverages A and B and in other parts of this policy, when applicable to these coverages, includes not only the named insured, but also any person while using the automobile."

The policy issued by the indemnity company upon the Packard car, belonging to the son, had attached thereto and in force at the time of the accident a rider providing as follows:

"It is agreed that such insurance as is afforded by the policy for bodily injury liability and for property damage liability also applies subject to the following provisions:

"Division 1. To the named insured, if an individual and the owner of the private passenger automobile described in the policy, hereinafter called 'the named insured,' with respect to his operation of or presence in any other private passenger automobile, provided: * * * (d) the insurance afforded under this division shall be excess insurance over any other valid and collectible insurance available to the named insured, either as an insured under a policy applicable with respect to the automobile or otherwise, against a loss covered under this division.

"Division 2. To any other person or organization, as an insured, within the meaning of 'insured' as defined herein. The unqualified word 'insured' wherever used in this endorsement and in other parts of the policy when applicable to this endorsement includes not only the named insured, but also any person with respect to his presence in such automobile with the named insured, but not his operation of the automobile * * * *."

Upon the issues made by the pleadings and upon

the agreed statement of facts, with the exhibits, the case was submitted to the court with the request for a finding of facts and conclusions of law. The court thereupon found, among other facts relating to the issuing of the policies and other conditions, substantially as follows: That on the 1st day of November 1938, while operating the automobile described in the policy of the state company (the Oldsmobile belonging to the father) in the state of New York, Ivan, the son, was involved in an accident.

The sole question for determination is the correct construction or interpretation of provision (a) under Additional Provisions 4 ("Omnibus Coverage") of "Exhibit C," and paragraph (d) of Division 1 of "Exhibit B" ("Drive Other Private Passenger Automobile" endorsement), under which the several owners are entitled to coverage afforded by the policies.

The court found that an action was brought by Phyllis A. M. Crouch against Ivan in a New York court, for damage in the sum of $10,000; that, with certain exceptions, the state company has refused to defend the action on behalf of Ivan and has denied its liability; and that, with certain exceptions, the plaintiff, the indemnity company, has refused to defend the action and denied its liability to pay any judgment except such part thereof for bodily injury as may be in excess of the sum of $25,000, and such part thereof for property damages as may be in excess of $5,000, the sums of $25,000 and $5,000 being the limits of liability for bodily injury and property damage, respectively, in the policy of the defendant, the state company, issued to the father on his Oldsmobile car.

As a conclusion of law the court found that the policy, Exhibit C, covered liability caused by the Oldsmobile while driven by Ivan, at the time of the accident by virtue of the omnibus clause in the policy, and that the coverage under the indemnity company's policy of insurance, Exhibit A, and the endorsement of

Exhibit B was not such other valid and collectible insurance as to affect the liability of the defendant, the state company, under its policy, for the reason that the coverage afforded Ivan by the indemnity company's policy and the endorsement thereof was "excess" insurance only over any other valid and collectible insurance available to Ivan; that if there be liability on the part of Ivan due to the collision between the Oldsmobile automobile while driven by him, and the automobile driven by Phyllis Crouch, the state company is primarily liable under its policy, and the plaintiff, the indemnity company, is liable only for any excess recovered against Ivan by the party injured over and above the limits of coverage in the policy issued by the state company; that under the provisions of its policy the state company is obligated to extend insurance to Ivan with respect to the action brought by Phyllis Crouch against Ivan. The court found that the plaintiff, the indemnity company, is obligated under the terms of its policy and rider endorsement to pay only such part of any judgment as may be in excess of the limits of the liability of the policy of the state company, and that it is not obligated to undertake the defense of the action. The finding of the court was embodied in an entry to which proper exceptions were taken and notice of appeal given.

It is rather difficult to follow the situation in reference to these two insurance policies. The controversy arises not by virtue of coverage afforded to the named insured in either policy, but by reason of the extension insurance by virtue of the omnibus clause in the state company policy, and the "Drive Other Private Passenger Automobile" provision in the indemnity company policy issued to Ivan, the owner of the Packard automobile, not involved in the accident.

The omnibus and extension clause of each policy extends the insurance to cover an accident where the car is being driven by some person other than the

named insured, and is the provision under which it is claimed that the state company is liable for the damage incurred while Ivan, the son, was driving the car of the father. The liability of the state company under this omnibus clause is clear unless modified by the provision of the indemnity company's policy and the rider thereto attached. The insurance afforded under the "Drive Other Private Passenger Automobile" rider "shall be excess insurance over any other valid and collectible insurance available to the named insured."

What is meant by "excess insurance" is discussed in the following case:

"* * * no recovery for the loss of the cotton which was insured under another policy could be had except that recoverable as 'excess insurance,' although the other policy also provided for its avoidance by other insurance, for, as to such other policy, the litigated policy was not 'other' but merely 'excess insurance.' *St. Paul Fire & Marine Ins. Co.* v. *Garza County Warehouse & Marketing Assn.,* C. C. A., Tex., 93 F. (2d), 590, 592." 15 Words & Phrases, 470.

The only Ohio case discovered by counsel or the court remotely relating to the matter is that of *Maryland Casualty Co.* v. *Bankers Indemnity Ins. Co.,* 51 Ohio App., 323, 200 N. E., 849, decided by the Court of Appeals of Cuyahoga county. The syllabus is as follows:

"Where parties involved in a motor vehicle collision each carries casualty insurance, but in different insurance companies, and each policy contains a provision in similar language which seeks to exclude its company from liability under the particular facts of the case, and one party is primarily liable for the damage caused by the collision and the other party is not primarily liable, the liability insurance company whose policy covers the motor vehicle of the party primarily liable should respond for the loss incurred."

This decision may not be of compelling authority in determining the controversy here.

See, also, *Michigan Alkali Co.* v. *Bankers Indemnity Ins. Co.*, 103 F. (2d), 345; *Grasberger* v. *Liebert & Obert, Inc.*, 335 Pa., 491, 6 A. (2d), 925; *Gutner* v. *Switzerland General Ins. Co.*, 32 F. (2d), 700; *Continental Casualty Co.* v. *Curtis Pub. Co.*, 94 F. (2d), 710; *Great American Indemnity Co.* v. *McMenamin* (Tex. Civ. App.), 134 S. W. (2d), 734; *Central Surety & Ins. Corp.* v. *London & Lancashire Indemnity Co.*, 181 Wash., 353, 43 P. (2d), 12.

The liability of each of the companies must be determined by the provisions of the policies of the respective companies. It is quite apparent that the indemnity company extended its insurance to protect Ivan (to whom a policy had been issued on the car not involved in the accident) while driving the car involved in the accident, only for excess insurance over the valid collectible insurance available to him under the omnibus provision of the state company policy. The amount so available exceeded the claim of Phyllis Crouch, so that "excess insurance" provided by the indemnity company never came into force and did not furnish "other valid insurance" to the Oldsmobile car covered by the state company policy.

We are of opinion that the court below did not err either in the finding of fact, conclusion of law or in the final entry involved in the appeal.

The judgment is affirmed.

*Judgment affirmed.*

HORNBECK and BARNES, JJ., concur.