## OREGON AUTO. INS. CO. v. UNITED STATES FIDELITY & GUARANTY CO. et al.

No. 13092.

United States Court of Appeals, Ninth Circuit.

April 29, 1952.

Randall B. Kester and Maguire, Shields, Morrison & Bailey, all of Portland, Or., for appellant.

W. K. Phillips, Wm. C. Ralston, Portland, Or., for appellee, U. S. Fidelity & Guaranty Co.

Harry F. Samuels, Vergeer & Samuels, William Gehlen, all of Portland, Or., for appellees, Beulah Morris and William Morris.

Before HEALY, BONE and POPE, Circuit Judges.

HEALY, Circuit Judge.

This is a proceeding to obtain a judgment declaring which of two insurance companies is obliged to assume liability in respect of suits growing out of personal injury and property damage sustained in an automobile accident involving an insured named Suter.

A bare outline of the facts will suffice to disclose the problem. On October 15, 1949, Suter, while operating a Mercury automobile belonging to the Redmond Motor Company with the latter's consent, collided with a car owned and operated by William Morris, in which Morris' wife, Beulah, was riding. Both the Morrises were injured and their car was damaged. Beulah Morris obtained judgment against Suter in the amount of $7360 for personal injuries, plus costs. The judgment has not been paid. William Morris has brought suit against Suter for personal injury and property damage growing out of the collision, but his action is as yet undetermined.

The insurance companies involved are appellee United States Fidelity & Guaranty Company (plaintiff below) and Oregon Automobile Insurance Company, appellant. On June 4, 1949, U. S. F. & G. issued to Suter for a one year term a public liability and property damage policy insuring him on account of his use of a certain Plymouth car, with limits of $5,000 for each person injured, $10,000 for all injured in one accident, and $5,000 property damage. This policy also provided coverage for Suter while operating any other automobile. On October 1, 1949, Oregon issued its one year combined policy to several affiliated companies, including the Redmond Motor Company, insuring them against public liability and property damage growing out of the operation of designated motor vehicles, including the car later involved in the Suter accident. This policy provided coverage for any person using, with the insured's consent, an auto covered by the policy. The limits were $100,000 for each injury, $100,000 for all injuries in the same accident, and $5,000 property damages.

It is conceded by each of the companies that, in the absence of the other's policy, it would be bound to shoulder the responsibility for the defense of Suter, and would be liable for the damages adjudged against him in the Morris suits to the limit of the amount prescribed in its policy. However, both policies made provision for cases where other insurance existed. The U. S. F. & G. policy provided, in substance, that it would prorate with other valid and collectible insurance, except that, with respect to the use by the insured of an automobile other than that named, it would be excess insurance only. The Oregon policy provided that it would prorate with other valid and collectible insurance, except that as to anyone other than a named insured, if such person had other valid and collectible insurance, then he would not be indemnified under the Oregon policy.

The trial court concluded that Oregon had the primary liability and that U. S. F. & G. was not liable on its policy until the limits of the Oregon policy were reached. Oregon says that the judgment should have been the other way around. It contends that the U. S. F. & G. policy was primary insurance in this situation and that Oregon is not liable except as to amounts above the limits of the U. S. F. & G. policy.

It is plain that if the provisions of both policies were given full effect, neither insurer would be liable. The parties admit that such a result would produce an unintended absurdity, and each argues that the court must settle upon some way of determining which policy is primary and which secondary. Unfortunately there is no statute and there appear to be no decisions bearing on the subject in the jurisdiction in which the controversy arose, namely, Oregon.

We have examined cases in other jurisdictions cited by counsel where closely similar or substantially identical disputes between insurance companies have arisen. These decisions point in all directions. One group indicates that the policy using the word "excess" is secondary and that containing the language of the Oregon policy is primary. Examples of these decisions

are cited on the margin.[1] Their reasoning appears to us completely circular, depending, as it were, on which policy one happens to read first. Other cases seem to recognize the truth of the matter, namely, that the problem is little different from that involved in deciding which came first, the hen or the egg. See remark of Judge Major in Zurich General Accident & Liability Insurance Co. v. Clamor, 7 Cir., 124 F.2d 717, 719. In this dilemma courts have seized upon some relatively arbitrary circumstance to decide which insurer must assume primary responsibility. Thus one group of cases fixes primary liability on the policy which is prior in date.[2] Another group undertakes to decide which *policy* is the more specific, holding the one thought more specific to be primary.[3] Another solution is represented by Maryland Casualty Co. v. Bankers Indemnity Ins. Co., 51 Ohio App. 323, 200 N.E. 849, where it was held that the policy issued to the person primarily liable for the damage is the primary insurance. In sum, the cases are irreconcilable in respect both of approach and result.

■ In our view it is immaterial which policy was written first; each was in effect when the accident occurred. The two policies appear to us to be equally specific, and no difficulty whatever would be encountered in applying either to the facts if the other did not exist. It is true that the U. S. F. & G. policy named Suter as the insured, and it was Suter's negligence that caused the accident. But Oregon's policy insured any person who might drive a car of the Redmond Motor Company with the latter's consent, and, as seen, Suter is an insured in this category.

■ In our opinion the "other insurance" provisions of the two policies are indistinguishable in meaning and intent. One cannot rationally choose between them. We understand the parties to concede that where neither policy has an "other insurance" provision, the rule is to hold the two insurers liable to prorate in proportion to the amount of insurance provided by their respective policies. Here, where both policies carry like "other insurance" provisions, we think must be held mutually repugnant and hence be disregarded.[4] Our conclusion is that such view affords the only rational solution of the dispute in this case. The proration is to be applied in respect both of damages and of the expense of defending the suits.

The judgment is accordingly reversed and the cause remanded with directions to enter judgment in accordance with this opinion.

---

1. Continental Casualty Co. v. Curtis Pub. Co., 3 Cir., 94 F.2d 710; Grasberger v. Liebert & Obert, 335 Pa. 491, 6 A.2d 925, 122 A.L.R. 1201; Travelers Indemnity Co. v. State Automobile Ins. Co., 67 Ohio App. 457, 37 N.E.2d 198.

2. Gutner v. Switzerland General Ins. Co., 2 Cir., 32 F.2d 700; New Amsterdam Cas. Co. v. Hartford Acc. & Ind. Co., 6 Cir., 108 F.2d 653.

3. Hartford Steam Boiler Inspection & Ins. Co. v. Cochran Co., 26 Ga.App. 288, 105 S.E. 856; Trinity Universal Ins. Co. v. General Acc. F. & L. A. Corp., 138 Ohio St. 488, 35 N.E.2d 836.

4. Cf. Zurich General Accident & Liability Ins. Co. v. Clamor, supra, 124 F.2d at page 720: "We think the logic of this reasoning is made apparent by assuming that neither of the policies contained an 'other insurance' provision, or that both policies contained an 'other insurance' provision in exactly the same language. It could not be seriously argued, in our opinion, but that under either of such situations the two insurers would be liable in proportion to the amount of insurance provided by their respective policies."