BOROVICH ET, PLAINTIFFS-APPELLEES, *v.* FOUNTAIN ET, DEFENDANTS, AND THE TRAVELERS INSURANCE COMPANY, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26834.   Decided June 18, 1964.

*Mr. James A. Chiara* and *Mr. Sylvester Marx,* for plaintiffs-appellees.

*Messrs. Arter, Hadden, Wykoff & Van Duzer,* for defendant-appellant.

*Per Curiam.* This appeal comes to this court on questions of law from a judgment entered for plaintiffs on a supplemental petition against defendant, The Travelers Insurance Company, pursuant to Section 3929.06, Revised Code.

In April, 1956, an automobile owned by Grover Clack, Jr., and insured by The Travelers Insurance Company, while being operated by Wiley Fountain with the permission and full knowledge of its owner, struck the rear of an automobile owned by Jean Borovich which was insured by The Shelby Mutual Insurance Company. By the provisions of the insurance contract, the operator, Fountain, came within the definition of an insured. In September, 1956, a default judgment was taken against both Clack, the owner of the automobile, and Fountain, operator of the car at the time of the accident. In November of 1958, Clack alone, through his insurance carrier, Travelers, filed a motion to quash service of summons which upon a hearing was granted. Thereafter, the case came to trial upon an amended petition, service having been perfected on Clack. Judgment was rendered for Clack on the ground that there was no evidence as to negligent entrustment on the part of Clack in respect to defendant Fountain.

Thereafter, under the provisions of Section 3929.06, Revised Code, a supplemental petition was filed against Travelers in the same action, predicated upon the judgment that had been taken against Fountain in 1956. In the supplemental petition, plaintiff states that the action was one for property damage suffered by plaintiff as a result of her automobile being struck in the rear by the automobile driven by Fountain, that Fountain was operating an automobile owned by Clack with his full knowledge, consent and permission, that it was insured by defendant Travelers, and that the policy of insurance was in full force

and effect on the date of the accident, that upon belief plaintiff averred that Wiley Fountain complied with all terms of the policy that the judgment was in full force and unpaid and the thirty days had elapsed since judgment and the same is unsatisfied.

The amended answer filed by defendants states that if it be determined on trial that an insurance policy was in force it contained the following clause:

"1. *Notice of Accident.* When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and address of the injured and of available witnesses."

that at no time has anyone complied with the notice of accident provision of the insurance policy, that if it was determined that an insurance policy was in effect it contained the following clause:

"*Notice of Claim or Suit.* If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative."

that at no time has anyone complied with the notice of claim or suit provision of such insurance contract.

The reply states:

"* * *

"Further replying, plaintiffs deny the allegations contained in said Amended Answer in respect to 'notice of accident' or 'notice of claim or suit'; that the plaintiffs (sic) at all times were fully aware of the circumstances of said accident and had notice of said suits as evidenced by their entry of appearances in said case and the record; that by reason thereof the defendant The Travelers Insurance Co. has waived any and all of its rights under the aforesaid provision and are therefore estopped from asserting same as a defense to plaintiff's Supplemental Petition.

"* * * *"

Appellant, The Travelers Insurance Company, assigns the following as error:

1. "Assuming arguendo, that plaintiffs' Exhibit B is admissible, the evidence is insufficient as a matter of law to sustain the judgment."

2. "Plaintiffs' Exhibit B is inadmissible."

As to Assignment of Error No. 2, appellant contends that at the conclusion of the trial against Clack when the findings of fact and conclusions of law were filed, Travelers was not a party to the case and as to Travelers the same was hearsay and it could not be bound by a finding in such case. With this we cannot agree. Travelers represented Clack when the case was heard on its merits. The question of the circumstances under which Fountain was operating Clack's automobile whereby no negligent entrustment was found by the court on the part of Clack was a pivotal issue. It is our determination and we therefore hold that findings of fact and conclusions of law that were filed in the cause when it was heard on its merits are admissible in a subsequent proceeding in the same case brought under Section 3929.06, Revised Code.

As to Assignment of Error No. 1, it is the contention of the appellant that plaintiffs failed to allege and prove the conditions precedent, i. e., notice of accident, notice of claim or suit, to recover on the insurance policy. On the other hand, appellees contend that Travelers waived any right to assert a defense for failure to comply with the conditions precedent.

It may be said that the affirmative act of an insurance company which undertakes the defense of its insured without benefit of reservation of right or nonwaiver agreement presupposes that the insurer is not demanding a strict compliance with the terms of the insurance policy and is therefore estopped from subsequently raising noncompliance under the provisions of the insurance policy as a defense to any action to subject its assets to the satisfaction of a judgment against its insured. See, 30 Ohio Jurisprudence (2d), 710, Insurance, Section 775; *Fidelity & Casualty Company of New York* v. *Blausey*, 49 Ohio App., 556, 197 N. E., 385.

In the instant case, Travelers, by defending its insured Clack would have been estopped to raise the defense of noncompliance of the terms of the policy as to Clack. Does the estoppel therefore obtain against Fountain? Fountain, under the

terms of the policy, falls within the definition of an insured and, so to speak, stands in the shoes of the primary insured Clack. It would follow that Travelers, by defending its primary insured Clack, would be estopped from disclaiming liability on the ground of noncompliance with the conditions precedent on the part of any other individual who is deemed an insured under the terms of the policy.

For the foregoing reason, the judgment of the Municipal Court of Cleveland is affirmed.

Exceptions. Order see journal.

KOVACHY, P. J., SILBERT and CORRIGAN, JJ., concur.