Moss *v.* TRAVELERS INS. CO. ET AL.

[Cite as Moss v. Travelers Ins. Co., 9 Ohio Misc. 71.]

---

[25]The surety has a right to "make demand and to receive any balances due under the contracts, to the extent of such balances or to the extent of the payments so made * * *." *Munsey Trust Co.* v. *United States* (1946), 67 F. Supp. 976, 982, 107 Ct. Cl. 131, 148, rev'd on the grounds, 332 U. S. 234, 91 L. Ed. 2022, 67 S. Ct. 1599 (1947).

[26]*United States* v. *Munsey Trust Co.*, *supra*, n. 10, at 238, n. 3, 67 S. Ct. at 1601.

"The surety did not and could not claim the whole amount retained by the government. The payments for which it was liable and which it paid, on two of the contracts exceeded, and, on the other four, were less than, the amounts retained on each particular contract."

[27]See n. 21 *supra.* Cf., *United Pacific Ins. Co.* v. *First Nat. Bank* (D. Ore. 1963), 222 F. Supp. 243, 250; *Continental Cas. Co.* v. *United States* (1959), 169 F. Supp. 945, 947, 145 Ct. Cl. 99, 103; *Union Stone Co.* v. *Board of Chosen Freeholders* (1906), 71 N. J. Eq. 657, 65 A. 466, 471.

(No. 773804—Decided March 5, 1965.)

Common Pleas Court of Cuyahoga County.

*Messrs. Baker, Hostetler & Patterson* and *Mr. A. J. Knopp,* for plaintiff.

*Messrs. Squire, Sanders & Dempsey* and *Mr. David A. Nelson,* for defendant Travelers Insurance Company.

*Mr. William F. Donahey,* for defendant Aetna Casualty & Surety Company.

BAYNES, J., sitting by assignment. Plaintiff brings an action for a declaratory judgment to determine the nature and extent of the duties and obligations the defendant insurance companies owe to him in an action brought by one Shapiro, praying for $200,000 damages, as a result of a collision between a vehicle Shapiro was operating and a "road widening machine." The "machine" at the time of the collision was being transported by plaintiff for his employer, whose insurer is Aetna,—back to the owner of the "machine," whose insurer is Travelers. The machine is called an Apsco which we use to designate it hereinafter.

The record consists of the pleadings, the stipulations, the exhibits and testimony adduced together with briefs of counsel.

The record tends to and does prove Northern Ohio Paving Company, plaintiff's then employer, rented the Apsco spreader, paver or widener from the Horvitz Company, its owner, by oral agreement. Horvitz provided the operator of the Apsco. It was agreed that Northern Ohio was to transport the Apsco with its equipment to the area of use. It was to be reconveyed after its construction use was concluded to a place designated by Horvitz in the same manner.

The Apsco was wider that it was long. It was loaded by plaintiff's employee and Horvitz' employee on a carryall trailer outfit. A portion of the Apsco extended over both the left and right sides of the carryall, the overhang being a little more on the right or berm side than on the left or travelled portion of the road. The Horvitz employee actually drove the Apsco onto the carryall with the signalling assistance of plaintiff.

Plaintiff was reconveying the Apsco on October 31, 1960, and was being followed by the Horvitz employee in his personal vehicle. Shapiro, operating a panel truck in an opposite direction and while passing or attempting to pass, collided with

some part of the Apsco which extended beyond the carryall. No part of Shapiro's vehicle struck the tractor or carryall trailer.

Shapiro was injured and immediately retained counsel. His original petition for damages filed March 15, 1962, named Northern Ohio as defendant. An amended petition filed in Arpil 1962, named Northern Ohio and plaintiff as codefendants. A second amended petition filed October 11, 1962, added Horvitz and Ohio Bell Telephone Company as codefendants.

The terms of the policies as they apply to this case are identical or substantially identical. Both are comprehensive automobile liability policies, each having an omnibus insured clause. The liability limits of the Aetna policy issued to Northern Ohio is $100,000 and the Travelers, issued to Horvitz, $300,000.

Horvitz gave notice to Travelers of the accident shortly after it happened. Aetna gave notice on behalf of its insured, Northern Ohio, orally in December 1960, and offered to make available its files to Travelers. Plaintiff, herein, was named a party defendant in April 1962, by Shapiro's amended petition. He gave written notice to Travelers on April 16, 1962. Shapiro filed a second amended petition, in which Horvitz was named a defendant. Travelers, on Horvitz' behalf, made an unqualified defense without reservation, on account of failure of notice by it, or otherwise. Other facts appear throughout the opinion.

Counsel have filed extended briefs citing, analyzing and quoting many cases and authority. In order not to unduly extend the opinion we have limited ourselves in these respects. Counsels' earnest endeavor has been helpful and is appreciated. We have examined most, if not all, the citations, beyond the briefs.

Plaintiff and defendant Aetna contend the Apsco is an automobile by terms of the Travelers policy. Travelers contends that plaintiff has failed to prove it.

Plaintiff contends that the accident arose out of the use of the Apsco. Defendant Aetna contends plaintiff is an additional insured and is entitled to protection of Travelers' policy. Travelers claims plaintiff has failed to prove the accident arose out of the use of the Apsco within its policy's terms.

Plaintiff argues the trailer exclusion clause of Travelers'

policy is inapplicable to him and relies on the separability clause. Aetna claims the exclusion clause to be inapplicable. Travelers argues to the contrary.

Plaintiff says he gave Travelers notice as soon as practicable and that Travelers is estopped to disclaim liability based on policy notice requirements. Aetna claims that any notice failure is no defense to Travelers. Travelers argues failure of proof by plaintiff of notice to it or waiver by it.

Both plaintiff and Aetna contend Travelers to be a primary insurer and Aetna adds that plaintiff only has excess insurance under its policy. Travelers to the contrary says, if it is liable to plaintiff then Aetna's policy is primary and its policy is secondary or excess.

## I

Both the Travelers and Aetna policies define automobiles. in identical language, in so far as we discern. Plaintiff and defendant Aetna contend that the Apsco falls within the definition. The only difference as between the two insurers in this regard, if it is an automobile, is that to Aetna's insured, Northern Ohio, it was a non-owned automobile, and as to Travelers' insured, it was an owned automobile.

It is argued on Travelers' behalf that plaintiff has the burden of showing that Horvitz and Travelers intended their use of the word owned automobile to embrace the Apsco; that Horvitz did not consider it to be an automobile; and that it was designed solely for use on public roads.

While it is true that courts may construe contracts in general, and insurance contracts in particular, in the light of what the parties intended, as difficult as this may be, this tends to be of more importance when the dispute is between the insurer and the principal assured. The polestar of construction is, in the absence of explicit wording or necessary implication, a contract of insurance must be construed most favorably to the assured in order to effectuate its obvious purpose. The language used must be given its ordinary and commonly accepted meaning. *Travelers* v. *Buckeye Union*, 172 Ohio St. 507, 178 N. E. 2d 792, 18 O. O. 2d 52; *Travelers* v. *Auto-Owners*, 1 Ohio App. 2d 65, 203 N. E. 2d 846, 30 O. O. 2d 97.

The evidence is conclusive that the Apsco was not subject to motor vehicle registration and that it was designed *princi-*

*pally,* or even solely, for use off the public highways. See Sections 4511.01 (Z), 4511.71 and 5517.04, Revised Code, and *Kitchens* v. *Duffield,* 83 Ohio App. 41, 76 N. E. 2d 101, 50 Ohio Law Abs. 161, 38 O. O. 142, as to public highways, definitions and limitations.

We therefore find the Apsco to have been an automobile within the terms of Condition 6 of the Travelers policy and Condition 3 of the Aetna policy, while it was being carried by an automobile, as it was.

## II

Both the Travelers and Aetna policies define insured, in the Insuring Agreements Part III of the policies in identical words. Travelers claims that the accident out of which the Shapiro claim arises did not arise *out of the use of* the Apsco within the meaning given that phrase by Travelers and Horvitz at the time they entered into the contract. Without qualification it is stated on Travelers' behalf that the Apsco, "was no longer under the *exclusive control* of the Horvitz Company's employee at the time." This is a concession, unfavorable to Travelers, which may at some future time and in other connections be impossible to explain away.

This concession was made in order to distinguish the facts in the present case, with the *Travelers* v. *Buckeye Union case,* 172 Ohio St. 507, supra. That case involved loading and unloading clauses of policy, where the third party claiming the protection of the *Buckeye* policy was not in any actual physical control of the vehicle. In the instant case plaintiff or plaintiff and Horvitz' employee were.

The evidence is clear that if plaintiff was using the Apsco, it was being used with the consent of Horvitz the named insured. The evidence is clear that it could only be operated locomotion-wise for the special purpose for which it was designed. Because of this limitation, it was necessary to have it hauled from one job location to another on a trailer or carry-all. This is similar to the method of conveying crawler type vehicles.

As was observed by Judge Duffey in the *Travelers case,* 1 Ohio App. 2d 65, 70, *supra,* with respect to the insurance industry the bizarre and unique eventually occur in the thousands of claims that arise. It is not for the courts to deviate from

basic principles of interpretation to accomplish what a court thinks should have been intended by the parties.

In this frame of reference it is argued, on Travelers behalf, that the court should interpret the word "use" as one thing between it and Horvitz and something else as it applies to plaintiff, if he is a third party beneficiary of their contract. There may be such situations where this would be compelling. However, the court in the present case is not immediately concerned if and to what extent these two insurers incur obligations and liabilities as between them or either of them. We are primarily concerned with the obligation and liability that the plaintiff in this case may incur and who has the duty to come to his aid and assistance. His obligation is primary, that of his employer arises as a result of the doctrine of *respondeat superior*.

While it is arguable that the benefits of the use of the Apsco to Northern Ohio greatly exceeded the benefits of the rental received by Horvitz, this may only be true in the limited sense and not in the broad sense, if it makes any difference at all.

The claim of coverage is being sought by this plaintiff for his own protection and in his own interest. The benefit if any to his employer or his insurer is of secondary concern, if any.

The "use" of the Apsco by the transportation of it was no different in the present circumstances than it would have been if Horvitz was accomplishing the same purpose. This is true, applied to the terms of the insurance contract, whether or not Horvitz had similar equipment to transport it or not.

As applied to automobiles the decisions are numerous to the effect that the words, "arising out of the use" or "use" of them are broader than the word operate. No cases were cited, and we found none, directly comparable on these facts. But it is uniformly true from the cases decided that the insurer is attempting to limit the meaning and the courts are uniformly attempting to give the words reasonable interpretation and application.

In a case where one automobile was being used in an attempt to start the engine of a second automobile the fact that the stalled vehicle was not being operated or in motion, was not determinative. The facts disclosed there was a clear proximate

causal relation between the use of the stalled vehicle and the injuries alleged. *Hall* v. *U. S. F. & G.*, 107 Ohio App. 13, 17, 155 N. E. 2d 462, 79 Ohio Law Abs. 321, 7 O. O. 2d 344. Cf. *Madden* v. *Insurance Co.*, 82 Ohio App. 111, 114, 79 N. E. 2d 586, 50 Ohio Law Abs. 499, 37 O. O. 456.

We conclude that the Apsco was being used by plaintiff with the consent of its owner Horvitz under the facts of this case, so as to be within the terms of the Travelers' policy as to usage.

## III

Travelers insuring agreement clause III, contained the following provision:

"The insurance with respect to any person or organization other than the named insured does not apply: (a) with respect to an automobile while used with any trailer owned or hired by the insured and not covered by like insurance in the company; or with respect to a trailer while used with any automobile owned or hired by the insured and not covered by like insurance in the company; . . ."

Here again Travelers seeks to tie plaintiff and Northern Ohio in the same position and thereby exclude plaintiff from the protection of the Horvitz policy. The argument is that since Northern Ohio owned the tractor-trailer, which was not insured by Travelers, so that Northern Ohio could not claim the protection of the Travelers policy, therefore plaintiff cannot. Here again it is sought to make plaintiff and Northern Ohio, alter ego, one with the other. This is not so and it cannot be so held.

The plaintiff, defendant in the Shapiro suit, neither owned nor hired the tractor-trailer being used in connection with the use of the Apsco. The burden of proof as to application of a policy exclusion clause properly rests on the insurer. In this defendant Travelers has failed. See *Hartford* v. *Shaw*, 273 F. 2d 133, *Casualty Co.* v. *Drake*, 207 F. Sup. 91, 96.

In this connection Condition 12 of the Travelers policy is a statement of severability of interests in that the term, "the insured," is used severally and not collectively. This has the effect of considering additional insureds, under the omnibus clause extending protection to persons other than the named insured, as if separately covered by a policy of their own. See

*A. A. Insurance Co.* v. *M. M. Insurance Co.*, Cuyahoga County, unreported, affirmed Eighth District Court of Appeals (m. c. o. No. 37,002); *Pepsi Cola* v. *Indemnity Insurance Co.*, 317 F. 2d 714, 716.

## IV

The Travelers policy contained the usual provisions of written notice of an accident as soon as practical. It is conceded that this issue has been made by the pleadings filed in this case.

The facts in this case show:

(1) That Travelers did have notice of the collision involving the Apsco from its insured Horvitz shortly thereafter.

(2) .That Travelers did have notice of the collision from or through Northern Ohio Paving Company shortly thereafter.

(3) That plaintiff was unaware of his status as an additional insured or a right to claim the protection of the Travelers policy until at or about the time Shapiro named him a party defendant in the negligence action on March 21, 1962.

(4) That shortly thereafter plaintiff did notify Travelers in writing of the accident.

(5) Then Horvitz was named a party defendant in the Shapiro action an unqualified defense was tendered on the insured's behalf by Travelers, without any reservation of rights or conditions attached to the defense.

Under these circumstances we conclude that Travelers has waived the right of strict compliance with the notice provisions, that it had in fact received timely notice and that it has failed to introduce any evidence to show undue delay, as it now claims, or that it is prejudiced in any way. See *Borovich* v. *Fountain*, 94 Ohio Law Abs. 377, 199 N. E. 2d 753, 755; *Keith* v. *Lutzweit*, 106 Ohio App. 123, 153 N. E. 2d 695, 6 O. O. 2d 396.

## V

A fair interpretation of the Shapiro petition shows that the negligence of which he complains relates to both the tractor-trailer and the Apsco machine. Under the circumstances it is impossible to separate a proximate cause as between the two vehicles. It is academic to postulate—but for the use of the tractor-trailer the collision would not have occurred. Or, but for the Apsco the collision would not have occurred. Both are inseparably related to the event in chain of causation.

Under the Aetna policy the plaintiff is an insured by reason of the fact that he was using and operating a vehicle of Northern Ohio as its employee, with its consent in the direct course of his employment. Under the Travelers policy, as we have concluded, plaintiff has the right as an insured, the Apsco being an automobile used by him, to the protection of the Travelers policy. We are now faced with the provisions of both policies as to which, if either, constitutes excess insurance, and which, if either, or both, constitute primary coverage.

Travelers argues that it is indisputable that the accident arises out of the use of the Northern Ohio tractor-trailer an owned automobile under the Aetna policy regardless of whether it also arose out of the use of the spreader. Aetna argues that its policy is excess because the Apsco was a non-owned automobile under the terms of its policy and that the accident arose out of the use of the Apsco.

The Aetna policy (Condition 11) and the Traveler policy (Condition 13), as to other applicable insurance provision are identical. They state:

"If the insured has other insurance * * * the company shall not be liable * * * for a greater proportion of such loss than the * * * limit of liability * * * bears to the total * * * limit * * * of all valid and collectible insurance * * *, provided, however, * * * loss arising out of the * * * use of any hired automobile * * * shall be excess * * * over any other * * * insurance."

The argument advanced by plaintiff and Aetna is that Travelers is the primary insurer and that Aetna is an excess insurer. If this were true then Aetna would escape all liability since the claim of Shapiro is less than the coverage provided under the Travelers' policy. Travelers contention that if it is liable, at all, its liability is secondary.

We have difficulty in applying the determinations made in the several cases cited because of operative factual differences. The closest analogy would seem to apply in a case where a tractor, covered by one policy of insurance and a trailer covered by another policy of insurance, is being pulled by the tractor owner. And in such case both policies contain an exclusion clause and a pro-rata and excess clause.

It is of some consequence, too, what allegations are being made by the party claiming injury. In this case the second

amended petition of Shapiro alleges that the accident arose as a result of the improper transportation of the Apsco by the defendants including Moss and Horvitz. In so far as we determine the facts in this action we are compelled to the conclusion that the use of tractor-trailer and the Apsco combined to cause the collision. By so finding we do not determine if the collision was caused by the negligence of any of Shapiro's defendants, or if he was contributorily negligent.

The Aetna policy covered plaintiff's use of Northern Ohio's tractor-trailer outfit and the Apsco as a hired automobile. The Travelers policy under the ombnibus clause covered plaintiff's use of the Apsco. Both policies provide pro-rata coverage. The excess clause with respect to a hired automobile is effective as to Aetna, because the Apsco was hired, but ineffective as to Travelers because as to its insured the Apsco was an owned automobile.

It is ordinarily the rule that the insurer of the owner and not that of the lessee is the primary insurer. *Surety Co.* v. *Canal Insurance Co.*, 258 F. 2d 934, 936, citing 8 Appleman on Insurance 334, Section 4914 and cases among others *Aetna* v. *Buckeye*, 157 Ohio St. 385, 105 N. E. 2d 568 and *Travelers* v. *State Auto*, 67 Ohio App. 457. But that rule has no application in the instant case, for the tractor-trailer was covered by one insurer Aetna, the Apsco by the owner's policy with Travelers and by the Aetna as an hired automobile.

As to plaintiff, Moss, both insurers are primary insurers. The same as Aetna is to Northern Ohio's owned automobiles and Travelers is to Horvitz owned automobiles. Aetna and Travelers are liable to Moss in proportion to the respective policy limits as to any judgment entered against him. They must likewise share the costs of his defense. See *Casualty Co.* v. *Drake*, 207 F. Supp. 91, 98.

Before either the Aetna or Travelers policy can ride as excess one to the other, one must be made to walk as the exclusive primary insurer. This is impossible in this case because, as they apply, both are primary coverages. By the terms of the Aetna policy its coverage as to the Apsco, as a hired automobile, would be excess to the Travelers' coverage. On the other hand the Travelers policy bears no relation to the tractor-trailer coverage of Aetna and is independent of it. cf. *Con-*

*tinental* v. *Buckeye,* 75 Ohio Law Abs. 79, 91, 143 N. E. 2d 169.

In this case the excess provisions of both policies do not become operative to accomplish the purpose which in different situations they would do. If equity, rather than the respective effective contract provisions, controlled we would impose an equal obligation on the insurers, since their coverages and the vehicle usage are so inextricably involved. We are bound by the words proportion of such loss according to the contract language.

A declaration reflecting this opinion is entered and filed.

(No. 773804—Decided March 29, 1965.)

On Motion for new trial.

*Per Curiam.* Defendant Travelers Insurance Company moves for a new trial on the declaration and judgment of the court filed March 5, 1965. This defendant contends that:

"1. The judgment and order is not sustained by sufficient evidence;

"2. The said judgment and order is contrary to law;

"3. The record contains other errors of law apparent on the face of the record."

Defendant Travelers and plaintiff Moss have filed memorandum. The court is advised defendant Aetna does not desire to file a memorandum.

Defendant Travelers' memorandum makes three arguments in support of the claimed errors. First that plaintiff failed to sustain his burden of proving compliance with the notice provisions of the Travelers policy. There are two difficulties with this argument.

One is that defendant Travelers, from the facts in the record had actual notice near the time of the collision and written notice from the plaintiff shortly after suit was filed against him. There is an absence of any evidence that plaintiff was aware of his rights under the Travelers' policy until after he was named a party defendant in the Shapiro suit. Therefore, notice was given within a reasonable time in consideration of all the surrounding circumstances. If Horvitz was under no duty to give Travelers notice until a claim against Horvitz had actually been

asserted (page 2, defendant's memorandum), it is inconsistent to contend that plaintiff, the omnibus insured, had any such duty, *prior to the time he was sued.*

The second difficulty is that when Travelers entered an unqualified defense for its named insured, Horvitz, as to notice, it is applying one rule as to Horvitz and attempting to apply another to an omnibus insured. The only thing this can imply is that they had sufficient notice so as to be able to make a proper defense. Nothing appears to show that if they can so do for the named insured, that it cannot be done for the omnibus insured. We perceive no reason from this record why, if Travelers is not demanding strict compliance from the named insured, why they are not estopped, to require more of plaintiff, the omnibus insured.

In finding this argument not well made we do not rewrite the notice provision of the contract. We find it not only to have been complied with, as courts have done before, but also are interpreting it as the insurer has interpreted it as to its named insured.

The second argument, in support of the motion, is that the accident did not arise out of the use of the spreader within the meaning of that term as employed in the contract.

It may be true, as far as it goes, that an omnibus insured is a stranger to a contract between the named insured and the insurer, but this begs the question with respect to the rights under the contract of an omnibus insured. In this regard the only question is whether the Apsco was under the exclusive control of plaintiff Moss or the joint control of Moss and Brozak. If the latter was exercising some control and if he was the loaned servant to Northern Ohio, either or both of them are entitled to the protection of the owner's policy issued by Travelers to Horvitz.

The third and last argument of Travelers is that the conflict between the "other insurance" clauses of the two policies should be resolved on the basis of which of the two named assureds was primarily responsible for the collision.

It does not follow, if it be true, that because Travelers named insured was not at the scene of the accident, that the named insured is not a primary insured. We previously determined that *Maryland Casualty* v. *Bankers Indemnity,* 51 Ohio

App. 323, 200 N. E. 849, 20 Ohio Law Abs. 390, 5 O. O. 225, was not controlling based on the facts of this case.

The facts there were, that a freight company, insured by Maryland, hired a truck belonging to a transfer company, insured by Bankers. The hired truck, operated by a freight company employee was involved in an accident. The Maryland policy protected the freight company for any liability resulting from its operation of vehicles hired by it. There was a pro rata clause in the Banker's policy followed by a provision:

"* * * but if any person, firm or corporation other than the named assured ((the transfer company)) has valid and collectible insurance against any claim or loss, then such person, firm or corporation *shall not* be covered under this policy." (Emphasis ours.)

It was held that the freight company, the Maryland insured, was primarily liable, and the transfer company, the Bankers insured, was not primarily liable. The effect of this was to hold the excess clause of the Maryland policy ineffective, as to a hired truck covered by an owner's policy, as well as an exclusion clause. The court said that before Maryland could take advantage of its clauses it must show that the freight company was covered by the transfer company's policy.

The Supreme Court of Ohio in *M. M. Ins. Co.* v. *L. M. Ins. Co.*, 1 Ohio St. 2d 105, reported XXXVIII Ohio Bar No. 10, March 8, 1965, subsequent to the filing of the opinion in this case, affirmed the proposition, at p. 107, that the owner's insurance is primary and that on the driver is excess.

If it can be maintained that certain language in or the holding of the *Maryland case* conflicts with the *M. M. Ins. Co. case*, which we do not find, then and to that extent the latter supersedes the former.

We are satisfied that in this case that with two owners involved that each are primarily liable and that the combined use of the vehicles combined to cause the injuries of which Shapiro complains. The pro rata clauses of the policies apply.

The new trial motion in all branches is not well taken and ought to be overruled. The declaration, order and judgment is, by entry concurrently filed, affirmed.

*Judgment affirmed.*