425 P.2d 866

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, a Missouri corporation, Appellant,**

v.

**DAIRYLAND MUTUAL INSURANCE COMPANY, a Wisconsin corporation, Appellee.**

**No. 1 CA–CIV 330.**

Court of Appeals of Arizona.

April 18, 1967.

Review Granted May 9, 1967.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears, by Ralph Hunsaker, Phoenix, for appellant.

Minne & Sorenson, by George Sorenson, Jr., Phoenix, for appellee.

CAMERON, Chief Judge

The motion for rehearing questions the decision and statements made by this Court in the case of Universal Underwriters Insurance v. Dairyland Mutual Insurance Company, 5 Ariz.App. 174, 424 P.2d 465 (1967). Under the caption "WHICH COMPANY IS PRIMARILY LIABLE" we stated that the liability of the two companies was derivative and that the negligence of Universal's insured being the active negligence, Universal was primarily liable. Although there was no evidence that Dairyland's insured was in any way negligent, we stated:

"Since Dairyland's insured, Justine Meyers, was at most passively negligent, her (and Dairyland's) liability would be secondary." Universal Underwriters, supra, 424 P.2d 465, 468.

We based our reasoning upon the case of Busy-Bee Buffet v. Ferrell, 82 Ariz. 192, 310 P.2d 817 (1957). Appellant Universal Underwriters in its motion for rehearing points out quite correctly that the Busy-Bee Buffet v. Ferrell, supra, was concerned exclusively with negligence law and the determination of which party in a negligence action was primarily liable and which party was secondarily liable. The question of coverage under two applicable insurance policies was not discussed or considered in Busy-Bee Buffet v. Ferrell, supra.

In the instant case it would appear that both policies of insurance contained a so-called "other insurance clause" of the "pro-rata" type. The policy of Dairyland Mutual, the insurer of Justine Meyers, provided:

"If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declaration bears to the total applicable limit of liability of all valid and collectible insurance against such loss; * * *"

And the policy of Universal Underwriters, the insurers of Fletcher-Jones Chevrolet and Eugene Jones as an additional named insured, provided:

"If the insured has other insurance against a loss covered by this policy the

Company shall not be liable under this policy for a greater proportion for such loss than the applicable limit of liability stated in the declaration bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to * * * *the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance.*" (emphasis ours)

Dairyland's policy also contained an "excess insurance" clause. It would appear, and it is the contention of the appellant, from the emphasized portion of Universal's policy that as far as Eugene Jones, the driver of the automobile is concerned, when he as a named insured is using another's automobile his policy of insurance would be excess coverage as to the policy of the owner of the automobile. In other words, the plain meaning of the excess insurance clause in the Universal policy would indicate that as to Eugene Jones, a named insured, as long as he was driving Justine Meyers' automobile that Eugene Jones' insurance policy would be excess and secondary to Justine Meyers' policy which covered the automobile. This seems to be the majority rule in this country:

> "It will be recalled that Western insured Formanek, the nonowner driver of the truck, with a policy containing an 'excess insurance' clause, and that Farmers insured Hendrickson, the owner of the truck, with a policy containing a 'pro-rata' clause. As between Western and Farmers, then, by virtue of the respective clauses, Farmers' policy, so far as covering a permissive and included use of the truck, would be considered the primary policy and Western's the secondary policy for subrogation, contribution, or apportionment purposes. 7 Am.Jur.2d Automobile Insurance § 202 (1963); 8 Appleman, Insurance Law & Practice § 4914 (1942); 31 A.L.R.2d 1324; 76 A.L.R.2d 505." Western Pacific Insurance Co. v. Farmers Ins. Exch., Wash., 416 P. 2d 468 (1966).

■ We agree, however, with the statement of Oregon's Supreme Court quoting from Oregon Auto. Ins. Co. v. United States Fidelity & Guar. Co., 9 Cir., 195 F.2d 958, 959 (1952):

> "In this dilemma courts have seized upon some relatively arbitrary circumstances to decide which insurer must assume primary responsibility. Thus one group of cases fixes primary liability on the policy which is prior in date. Another group undertakes to decide which policy is the more specific, holding the one thought more specific to be primary. Another solution is represented by Maryland Casualty Co. v. Bankers Indemnity Ins. Co., 51 Ohio App. 323, 200 N.E. 849, where it was held that the policy issued to the person primarily liable for the damage is the primary insurance. In sum, the cases are irreconcilable in respect both of approach and result." Lamb-Weston v. Oregon Auto Insurance Company, 219 Or. 110, 341 P.2d 110, 76 A.L.R.2d 485 (1959).

We feel that the "other insurance" clauses of whatever type is but one method by which insurers limit their liability, whether it be by way of "pro-rata", "escape" or "excess" clauses. In the instant case we have determined that Jenkins v. Mayflower Ins. Exchange, 93 Ariz. 287, 380 P.2d 145 (1963), does apply and we see no reason why it should not apply to this situation. It is our view that the provisions in both policies are of no effect in this case and the primary liability should be derivative of the negligence of the named insured.

■ The reason is obvious in that the negligent act causing the injury was the act of Universal's named insured. There is no showing of an act of negligence by Dairyland's named insured. Dairyland's obligation is a contract obligation covering potential liability of the car's owner, Meyers. Universal's liability arises out of the negligence of a named insured. Dairyland

would then be responsible to the injured party only after Universal's policy obligations have been exhausted. These facts do not create a right of contribution which Universal seeks to enforce against Dairyland. Inasmuch as we have previously stated that Jenkins v. Mayflower, supra, does apply, we are dealing with a question of dual or concurrent coverage and although we will admit that there is respectable authority to the contrary, we believe and hold that as between insurance policies the policy covering the primary tort feasor will provide primary coverage.

Motion for rehearing denied.

DONOFRIO, and STEVENS, JJ., concur.