**EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LIMITED, a corporation, Appellant,**

v.

**FIREMAN'S FUND INSURANCE GROUP, a corporation, Appellee.**

**No. 14376.**

United States Court of Appeals District of Columbia Circuit.

Submitted Oct. 13, 1958.

Decided Dec. 11, 1958.

Messrs. Joseph S. McCarthy, Wilbert McInerney, Washington, D. C., and Edwin J. Bradley, Alexandria, Va., submitted on the brief for appellant. Mr. Edward C. Donahue, Washington, D. C., also entered an appearance for appellant.

Messrs. Bernard J. Gallagher, Washington, D. C., and J. Roy Thompson, Jr., Washington, D. C., submitted on the brief for appellee.

Before EDGERTON, WILBUR K. MILLER, and BASTIAN, Circuit Judges.

EDGERTON, Circuit Judge.

An automobile belonging to Call Carl, Inc., which had been lent to Carl Ray Kilmer to be used as a substitute while his car was being repaired, was involved in an accident while being driven by Kilmer. An injured person sued him and Call Carl. The present suit is between the insurers of the two defendants.

Appellee, Fireman's Fund Insurance Group, was Kilmer's insurer. His cov-

erage included driving a car "temporarily used as a substitute" because of repairs etc., with a "condition" that, "the insurance with respect to temporary substitute automobiles * * * shall be excess insurance over any other valid and collectible insurance."

Appellant, Employers' Liability Assurance Corp., Ltd., was Call Carl's insurer. Its policy defined "Insured" as including not only the named Insured but also "any person while using an owned automobile * * * with the permission of the named Insured * * *." It provided that *"If other valid insurance exists* protecting the Insured from liability * * * this policy shall be null and void with respect to such specific hazard otherwise covered, whether the Insured is specifically named in such other policy or not; provided, however, that if the applicable limit of liability of this policy exceeds the applicable limit of liability of such other valid insurance, then this policy shall apply as excess insurance against such hazard in an amount equal to the applicable limit of liability of this policy minus the applicable limit of liability of such other valid insurance." (Emphasis added.)

Appellant Employers' sued appellee Fireman's for a declaratory judgment that appellee's coverage was primary and appellant's secondary. We think appellant's coverage was primary and the District Court was right in granting appellee's motion for summary judgment. The "excess insurance" which appellee provided with respect to "substitute" cars was excess insurance only. Where a substitute car is concerned, unless damage exceeds the dollar limit in appellant's policy, appellee's policy is not "other valid insurance". Zurich General Accident & Liability Ins. Co., Ltd. v. Clamor, 7 Cir., 124 F.2d 717; Hardware Casualty Co. v. Massachusetts Bonding & Ins. Co., Sup., 129 N.Y.S.2d 304.

Affirmed.