**FIREMAN'S FUND INSURANCE COM-PANY, Appellant,**

v.

**UNDERWRITERS INSURANCE COM-PANY, Appellee.**

**No. 9675.**

United States Court of Appeals Tenth Circuit.

March 4, 1968.

————◆————

Page Dobson, Oklahoma City, Okl., for appellant.

Joseph A. Sharp, Tulsa, Okl., for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

A declaratory judgment based upon the interpretation of a pro rata provision in conflict with an excess provision contained in the "other insurance" clauses of the respective policies was given appellee, Underwriters, against appellant, Fireman's Fund. The trial court absolved Underwriters who had the excess provision [1] and assessed liability against Fireman's Fund who had a pro rata provision.[2] The appeal is grounded upon the claim that the trial court's conclusions of law are erroneous.

The issue presented is whether both insurance carriers, on a risk, must prorate a loss between them when in the "other insurance" clause one has a pro rata provision and the other an excess provision.

The facts are stipulated that both policies were in effect when the loss occurred; both policies covered hull damage of an airplane for approximately the same amount; the insured was the same person who was killed when the damage occurred; the loss sustained was $35,000.00.

---

1. "Other Insurance. 13. This Company shall not be liable for loss if, at the time of loss, there is any other insurance which would attach if this insurance had not been effected, except that this insurance shall apply only as excess and in no event as contributing insurance, and then only after all other insurance has been exhausted."

2. "Other Insurance. If the Named Insured has other insurance against a loss covered by Part III of this policy, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of all valid and collectible insurance against such loss."

To extricate themselves from the category of "fortuitous adversaries" [3] the parties to this action prorated their liability, reserved all rights, and the insured's estate was paid $35,000.00. The salvage was disposed of and credited to each of the parties.

Fireman's Fund contends that its "pro rata" provision is inconsistent with the "excess" provision contained in the previously issued policy of Underwriters, and that under the Oregon rule they would be irreconcilable and repugnant each as to the other, requiring the liability to be prorated. Oregon Auto. Ins. Co. v. United States Fidelity and Guaranty Company, 195 F.2d 958 (9th Cir. 1952).

Underwriters, on the other hand, contends that the majority rule disregards the pro rata clause, makes the pro rata policy the primary insurance, and gives full effect to the excess clause. Citizens Mutual Auto. Ins. Co. v. Liberty Mutual Ins. Co., 273 F.2d 189 (6th Cir. 1959); Employers' Liability Assurance Corp., Ltd. v. Fireman's Fund Insurance Group, 104 U.S.App.D.C. 350, 262 F.2d 239 (1958); McFarland v. Chicago Express, Inc., 200 F.2d 5 (7th Cir. 1952); Annot., 76 A.L.R.2d 502 (1961).

The trial court adopted Underwriters' view of the law and grounded its conclusion on St. Paul Mercury Ins. Co. v. Underwriters at Lloyds of London, 365 F.2d 659 (10th Cir. 1966). It is agreed that Oklahoma courts have yet to speak on the problem.

We agree with the trial court's conclusion that under the St. Paul Mercury case, supra, each company is bound by the language of its policy and its liability cannot be extended beyond its undertaking. Underwriters, by the words used in its "other insurance" provision, obligated itself to be liable only for excess coverage if there was other insurance covering the loss. Fireman's Fund accepted the primary responsibility by its words and until the limits of its policy were exhausted, Underwriters did not provide valid and collectible insurance within the pro rata provisions of the Fireman's Fund Policy.

Affirmed.

**3.** Brown and Risjord, Loading and Unloading: The Conflict Between Fortuitous Adversaries, 29 Ins. Counsel J. 197 (1962).