**THURSTON NATIONAL INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**ZURICH INSURANCE COMPANY, a corporation, Defendant.**

**Civ. No. 67–510.**

United States District Court
W. D. Oklahoma.

Oct. 29, 1968.

On Motion to Alter or Amend
Judgment Jan. 10, 1969.

---

12. Dudley v. Community Public Service Company, 108 F.2d 119 (5th Cir. 1939).

B. J. Cooper, of Rinehart, Morrison & Cooper, Oklahoma City, Okl., for plaintiff.

Ben L. Burdick and Andrew M. Coats, of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

This is an action under 28 U.S.C.A. § 2201 et seq., seeking a judgment declaring the rights of the parties. The source of the litigation is an explosion and fire which occurred at Sinclair Oil & Gas Co. Plant No. 13 near Seminole, Oklahoma, while Sinclair was loading liquified petroleum gas into a trailer tank owned by Merle Moss and operated, pursuant to agreement with Moss, by

Russell Wooldridge. Wooldridge supplied his own tractor unit to pull the trailer tank. As a result of the fire and explosion, Wooldridge was injured and his tractor unit as well as the trailer tank were damaged. Sinclair was insured by Defendant Zurich and Moss was insured by Plaintiff Thurston. Wooldridge sued Sinclair, an employee of Sinclair, and Moss for his personal injuries and damages to his tractor, seeking a judgment in excess of $195,000. This suit was settled by Sinclair for the sum of $29,387.25; $28,000 for Wooldridge's personal injuries and $1,387.25 for damages to the tractor unit. In so doing, Sinclair expended $10,817.80 for attorney's fees and costs.

Prior to settlement of the Wooldridge suit, Sinclair made demand on Thurston to defend Wooldridge's suit and Thurston offered only to defend that part of the suit relating to the claims of negligence respecting the Moss trailer tank insured by it. Sinclair declined the Thurston offer and proceeded alone. On a similar demand by Sinclair, Zurich likewise declined to defend, contending that it was not required to do so because Thurston was obligated for this defense under the terms of its policy. After the Wooldridge suit was settled, Sinclair sued Thurston in the District Court of Oklahoma County, Oklahoma, and recovered a judgment for the following amounts:

| | |
|---|---|
| Attorney's fees and costs of Sinclair in defending the Wooldridge action | $10,817.80 |
| Personal injuries of Wooldridge (to Thurston policy limits) | 10,000.00 |
| Property damage to Wooldridge tractor unit (within policy limits) | 1,387.25 |
| Total Judgment | $22,205.05 |

The present suit seeks a judgment declaring the obligations of the parties with respect to this judgment.

Plaintiff claims that Defendant is either the primary insurer of Sinclair or, in the alternative, that Defendant and Plaintiff are co-insurers and should bear the amount of this judgment in proportion to the respective amounts of the policy limits of each. Plaintiff's policy limit is $10,000/$20,000/$10,000 and Defendant's policy limit is $100,000/$200,000/$100,000.

Defendant claims that it is not liable to the Plaintiff because its policy does not cover the Wooldridge accident, and even if it does cover the accident, the Plaintiff's policy limits must be exhausted first, and the costs of defending the Wooldridge action are wholly those of Plaintiff. For the purpose of its Motion for Summary Judgment only, Defendant assumes that its policy covered the accident, thus restricting the issues to be considered by the Court to (1) whether Plaintiff is entitled to indemnification from Defendant for the Sinclair costs of defending the Wooldridge action and (2) whether personal injury and property damage elements of the judgment obtained by Sinclair are to be prorated between the parties in accordance with their respective policy limits. The parties have stipulated by letters filed herein that there are no genuine issues of material facts herein except whether the accident is covered by the Zurich policy. This fact issue is not material to the disposition of the case.

Both insurance policies contain an identical clause relating to the insurer's obligation to defend suits against its insured.[1] In the suit between Sinclair

1. Each policy provides: "*II. Defense, Settlement, Supplementary Payments.*

With respect to such insurance as afforded by this policy for bodily injury

and Thurston, the District Court for Oklahoma County, Oklahoma, found that Sinclair was an insured within the terms of the Thurston policy.[2] As a consequence, Thurston was held obligated to Sinclair for the defense of the Wooldridge action and for recoverable damages within the policy limits.

■■■ Plaintiff first contends that it is subrogated to the rights of Sinclair against Zurich for the costs of defense of the Wooldridge suit. The matter of subrogation is controlled by Thurston's contractual undertakings in this respect.[3] Sinclair's costs in defending the Wooldridge suit were not contemplated by the subrogation clause and Thurston, therefore, cannot assert a right in subrogation to Sinclair's rights, if any, against Zurich for these costs. Outside the Thurston policy, Zurich cannot be re-

quired to contribute to such costs of defense.[4] As there is no right of contribution and as Sinclair's rights, if any, against Zurich are excluded from the subrogation clause, it follows that Thurston may not recover any of Sinclair's costs of defense of the Wooldridge suit from Zurich.

As to the other branch of the suit, Plaintiff contends that since both the Zurich and Thurston policies have "excess insurance" clauses, they should be ignored and the personal injury and property damage elements of Sinclair's judgment should be borne in proportion by each insurer. The Zurich provision is a straight excess insurance clause.[5] The Thurston clause is more complex. It provides for prorating losses in some cases and for excess insurance in other cases.[6] The situations in which the

---

liability and for property damage liability, the company shall: (a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *"

2. The policy provides: "*III. Definition of Insured.* * * * the unqualified word 'insured' includes * * * any person while using the automobile and any person or organization legally responsible for the use thereof. * * *"

3. The subrogation clause is listed under the policy heading "Conditions." This heading provides: "Conditions 1 to 21 inclusive apply only to the coverages noted thereunder." The subrogation clause is numbered 19. It provides: "19. SUBROGATION. *Coverages A, B, D, E. F, G, H, I and J.* In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization * * *" The coverages specified all appear under Insuring Agreement I. The obligation to defend appears under Insuring Agreement II. The conclusion is inescapable that this subrogation clause applies only to specified losses paid out by the insured under Insuring Agreement I and that this particular item, costs of defense under Insuring Agreement II, is not one of those specified.

4. United States Fidelity & Guaranty Co. v. Tri-State Ins. Co., 285 F.2d 579 (10

Cir. 1960). "The question here thus narrows to whether contribution will lie between two insurance companies when each has a policy containing a defense agreement. The question has been answered in the negative, and we believe properly so, in a number of cases. The duty to defend is personal to each insurer. The obligation is several and the carrier is not entitled to divide the duty nor require contribution from another absent a specific contractual right." 285 F.2d 579 at p. 582.

5. This clause reads: "OTHER INSURANCE. If the insured has other insurance against a loss covered by this policy, the insurance afforded by this policy shall be excess insurance over any other valid and collectible insurance."

6. The Thurston policy provides: "20. OTHER INSURANCE. *Coverages A, B, D, E, F, G, H, I and J.* If the insured has other insurance against a loss covered by this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of all valid and collectible insurance against such loss; provided, however, under coverages A and B the insurance with respect to temporary substitute automobiles under Insuring Agreement IV or other automobiles under Insuring Agreement V shall be excess insurance over any other valid and collectible insurance."

excess insurance provision applies are those involving "temporary substitute automobiles" and "other automobiles." These are defined by the policy [7] and are not here involved. Thus, as neither of the classes of vehicles mentioned in the final proviso of Thurston's other insurance clause were involved in the fire and explosion, the excess insurance portion of such clause does not apply. The portion of the other insurance clause which does apply is that relating to prorated liability.

■ Having concluded that Thurston's excess insurance clause does not apply to Wooldridge's damages included in Sinclair's judgment, it is clear that Plaintiff has no grounds on which to urge proration of the loss. Where one insurance policy provides only for prorated liability and the other for excess insurance, the latter policy will be in excess of the policy limits of the former and proration is not in order. Fireman's Fund Ins. Co. v. Underwriters Ins. Co., 389 F.2d 767 (10 Cir. 1968).

It follows that Defendant Zurich Insurance Company's Motion for Summary Judgment should be granted and Plaintiff Thurston National Insurance Company's Motion for Summary Judgment should be denied.

Counsel for Defendant Zurich Insurance Company are directed to prepare for submission to the Court within fifteen (15) days from the date hereof an appropriate judgment consistent with the opinions expressed herein.

### On Motion to Alter or Amend Judgment

Plaintiff Thurston National Insurance Company (Thurston) has filed herein its Motion to Alter or Amend Judgment, and/or [for] New Trial. The Court, in its Memorandum Opinion of October 29, 1968, determined that with respect to Defendant Zurich Insurance Company (Zurich), Plaintiff Thurston was the primary insurer of Sinclair Oil & Gas Company (Sinclair), who is not here a party, and was responsible to Sinclair for the costs of defense of an action brought against Sinclair and certain damages arising therefrom. Plaintiff Thurston now seeks to avoid these determinations of the Court on two grounds: First, that the butane trailer was not being used in the business or occupation of Merle Moss, d/b/a Moss Gas Company (Moss), who was the named insured of Thurston, but was being used by Sinclair for loading purposes and thereby Thurston's policy became excess coverage to Zurich, and Second, that the Court did not apply the doctrine of equitable subrogation with respect to Sinclair's cost in defending the action against it which was awarded to Sinclair against Thurston in a previous state court proceeding.

■■ Plaintiff's first contention reduces to the argument that if Sinclair was using the trailer to load it, then Moss was not using it in his business and Plaintiff's coverage, in these circumstances, was excess to that of Zurich as the insurer of Sinclair. But the Plaintiff fails to consider that the trailer was still owned by Moss while Sinclair was using it, it was a named insured vehicle in the Thurston policy while being used by Sinclair and Sinclair became an additional insured under said policy.[1] The Oklahoma County District

---

7. The "temporary substitute automobile" is described under Insuring Agreement IV (a) (3): *"Temporary Substitute Automobile—*under coverages A, B, and division 1 of coverage C, an automobile not owned by the named insured * * *, while temporarily used as a substitute for the described automobile when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction; * * *" "Other automobiles" do not include commercial vehicles: Insuring Agreement V (d) states: "This insuring agreement does not apply: * * * (3) under coverages A, B, or division 1 of coverage C, to any automobile while used in a business or occupation of such named insured * * *."

1. Thurston's policy defined an "insured" as including: "* * * any person while using the automobile and any person or

Court found Sinclair to be a permissive user of the trailer. The use of the trailer by Sinclair with the permission of Moss (the named insured under the Thurston policy) caused the Thurston primary coverage to follow the trailer into and during the Sinclair permissive use. Moreover, in order to come within the terms of the Thurston policy providing for excess rather than primary coverage, the vehicle involved must not be a named vehicle but must be owned by some party other than a named insured [2] This is not the case here. Plaintiff's contention would have merit if an "other automobile" was involved. But an "other automobile" was not involved—the vehicle involved was the vehicle of Moss, the named insured and was an insured vehicle described as such in the Thurston policy. The situation to which the excess insurance provisions of the Thurston policy would apply is not factually present.

Plaintiff now advances for the first time the argument that the doctrine of "equitable" subrogation should be applied herein so as to allow Plaintiff to recover from Defendant a share of the cost of defending the action against Sinclair which Plaintiff has been required to pay in the previous state court proceeding. In the Court's Memorandum Opinion of October 29, 1968, it was held that the conventional or contractual subrogation provided for in the Thurston policy did not cover or apply to the cost of defending the action against Sinclair. Apparently, the Plaintiff does not quarrel with this determination but now asserts that even though conventional subrogation was not afforded by the Thurston policy that Thurston, nonetheless, should be afforded equitable subrogation as to said cost of defense.

 The Tenth Circuit in the recent case of Jorski Mill & Elevator Co.

v. Farmers Elevator Mutual Insurance Co., No. 9228, dated October 4, 1968, 404 F.2d 143 (Tenth Cir. 1968), discusses the two kinds of subrogation:

"Indeed, there are two kinds of subrogation, (1) legal or equitable, and (2) conventional. Conventional subrogation arises only by reason of an express or implied agreement. * * * Subrogation is the substitution of one person in the place of another with reference to a lawful claim, demand or right. The substitution may occur through the invocation of the 'doctrine' of subrogation or it may be confirmed and acquiesced in by contract. Neither method is exclusive."

 The Court has heretofore held that Thurston cannot compel Zurich to contribute to the costs of defense, following United States Fidelity & Guaranty Co. v. Tri-State Insurance Co., 285 F.2d 579 (Tenth Cir. 1960). In the cited case, the Court characterized the duty to provide an insured with a defense of a case against the insured as the personal duty of each insurer. Assuming, arguendo, that Sinclair had a right to insist on reimbursement for the cost of a defense by either Thurston or Zurich, the fact that Sinclair has proceeded against Thurston in this respect would seem to take the matter outside the principles of subrogation, either equitable or conventional. Sinclair elected to proceed against Thurston for the cost of the Sinclair defense. Sinclair obtained judgment against Thurston for such in the Oklahoma County District Court prior to the present suit. Sinclair could not now proceed against Zurich on the identical claim. Hence, there is no claim or right of Sinclair against Zurich in this respect which could be the object of subrogation. As stated in *Jorski*, supra, subrogation is the substitution of one person (Thurston) in the place of an-

---

organization legally responsible for the use thereof. * * * "

**2** Condition 20 and Insuring Agreement V are the provisions of the Thurston policy which determine when its coverage becomes excess coverage to some other in-

surance policy. It is quite clear from the same that the excess provisions will not apply to a vehicle owned by the named insured. Insuring Agreement V Provides: "This insuring agreement does not apply: * * * to any automobile owned by * * * the named insured * * * "

other (Sinclair) with reference to a lawful claim, demand or right (of Sinclair). Sinclair having no right to recover this expense against Zurich because Sinclair cannot collect the same expense twice there is no claim, demand or right to which Thurston may be subrogated by being placed in the shoes of Sinclair. There is no avenue open for the recovery of the cost of the Sinclair defense which has been paid by Thurston, either directly by way of contribution from Zurich, or indirectly through Sinclair by way of subrogation, either equitable or conventional, against Zurich.

Plaintiff's Motion to Alter or Amend Judgment and/or [for] New Trial is overruled.