**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Plaintiff,**

v.

**NORTHWEST LEASING CORPORATION, a North Dakota corporation, et al., Defendants.**

**Civ. No. 4265.**

United States District Court
D. North Dakota,
Southeastern Division.

June 2, 1969.

James D. Cahill, of Garrity, Cahill, Gunhus, Streed & Grinnell, Moorhead, Minn., for plaintiff, State Farm Mutual Automobile Ins. Co.

Frank X. Cronan, of Carroll, Cronan, Roth & Austin, Minneapolis, Minn., for defendants, American Casualty Co. and Pembina Broadcasting Co., Inc.

Norman G. Tenneson, of Tenneson, Serkland, Lundberg & Erickson, Fargo, N. D., for defendant, Northwest Leasing Corp., and defendant, Fidelity and Casualty Co. of New York.

Morris Dickel, of Padden, Dickel & Johannson, Crookston, Minn., for defendant, Madeline Lukkason.

Robert Vaaler, of Stokes, Vaaler, Gillig & Warcup, Grand Forks, N. D., for defendant, E. V. Boucher as Administrator of the Estate of Robert C. Lukkason, deceased.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

█ The last controversy to be resolved stems from the three insurers having sought to limit liability by inserting in their respective policies an "other insurance" clause, usually referred to as either an "excess" or a "pro rata" clause.

The State Farm Mutual Automobile Insurance Company policy provided that if its insureds (Pembina Broadcasting Company, Inc. and Northwest Leasing Corporation) had other insurance against a loss covered by the policy, the company would not be liable for a greater proportion of the loss than the applicable limit of liability bears to the total applicable limit of liability of all collectible insurance against such loss, a pro rata clause; the Fidelity and Casualty Company of New York policy provided that if its insured (Northwest Leasing Corporation) had any other valid and collectible insurance, the company would be liable only for the amount of loss in excess of the amount of coverage provided by the other insurance, an excess clause; and the American Casualty Company policy provided that if its insured (Pembina Broadcasting Company, Inc.) had other insurance against a loss covered by the policy, the company would not be liable for a greater portion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all

valid and collectible insurance against such loss with the added proviso that:

"'* * * provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance."[1]

In National Surety Corp. v. Western Fire and Indemnity Co., 318 F.2d 379 (5th Cir. 1963), an identical "other insurance" clause as is contained in the American Casualty Company policy was considered. There it was held:

"It will be observed that under the provisions of [American Casualty Company's] policy, ordinarily, if the insured has other valid and collectible insurance against a loss covered by the policy, the insurance liability under the policy shall be prorated with such other insurance liability on the stated basis. In other words, under such policy, the basis normally and usually to be applied in determining the liability for a loss thereunder, where there is other insurance covering such loss, is an application of the prorating provisions and not the excess insurance provisions.

"The phrase 'insured on a cost of hire basis' in the excess insurance proviso in [American Casualty Company's] policy may reasonably be interpreted to mean insured by [American Casualty Company] on such a basis. For such excess insurance provision to have any application in the instant case, it would have to be broadly construed to mean insured either by [American Casualty Company] or any other insurer.

1. The policy provided that "cost of hire" was one basis that could be used in computing the premium for coverage on hired automobiles and defines the words "cost of hire" "when used as a premium basis."

This premium basis was never used as American Casualty Company had never been informed that Pembina Broadcasting Company, Inc. had leased the accident-involved vehicle.

"The fact that if it is construed to mean insured by [American Casualty Company], the excess provision performs no function in [American Casualty Company's] policy in the instant case, is of no moment. Many times, printed provisions in an insurance contract, which would have been applicable under a possible premium basis, had it been used, but which was not used, or under insurance coverage includable under the form, had it been provided, but which was not provided, performed no function and are surplusage in the contract. That is true of provisions of [American Casualty Company's] policy, other than the excess insurance provision.

"To provide that liability insurance for loss resulting from the maintenance or use of a hired automobile should be excess insurance over other insurance for such loss, but that insurance for loss resulting from the ownership, maintenance or use of an owned automobile should be primary and subject to proration with other insurance for such loss, when the basis for the premium charged is identical with the respect both to the coverage of hired and owned automobiles, is illogical and unreasonable.

"We conclude that since the [accident-involved vehicle], although a hired automobile, was not insured by [American Casualty Company] on a cost of hire basis, that [American Casualty Company's] excess insurance provision does not apply, and that its insurance is primary."

Accord, Powell v. Home Indemnity Company, 343 F.2d 856 (8th Cir. 1965); Liberty Mutual Ins. Co. v. United States Fidelity & Guaranty Co., D.C., 232 F. Supp. 76.

■ Lastly, in an attempt to have the Fidelity and Casualty Company of New York also share in the Janice Pritchard loss, State Farm Mutual Automobile Insurance Company seeks to have applied the minority rule as set forth in Oregon Automobile Insurance Co. v. United States Fidelity & Guaranty Co., 195 F. 2d 958 (9th Cir. 1952); and Lamb-Weston, Inc. v. Oregon Automobile Insurance Co., 219 Or. 110, 341 P.2d 110, 76 A.L.R.2d 485, contending that its "pro rata" provision is inconsistent with the Fidelity and Casualty Company of New York policy's excess provision and, under the Oregon rule, they are irreconcilable and repugnant to each other requiring that the loss be prorated.

While not having the benefit of a decision of the North Dakota courts on this matter, it is believed to be the better view that a pro rata policy is the primary insurance and full effect be given the excess clause contained in the other policy. Fireman's Fund Insurance Co. v. Underwriters Insurance Co., 389 F.2d 767 (10th Cir. 1968); Citizens Mutual Auto. Ins. Co. v. Liberty Mutual Ins. Co., 273 F.2d 189 (6th Cir. 1959).

The Court concludes that both State Farm Mutual Automobile Insurance Company and American Casualty Company are primary insurers and, therefore, each is liable on the Janice Pritchard claim in proportion to the amount of protection which their respective policies provided bears to the total protection provided by both policies. Fidelity and Casualty Company of New York provided excess coverage against the loss and, therefore, is not obligated until the State Farm Mutual Automobile Insurance Company's and American Casualty Company's liability within the limits of their policies have been exhausted.

Counsel for the plaintiff, State Farm Mutual Automobile Insurance Company, will prepare the necessary documents to effectuate the foregoing, and transmit them through the Clerk of this Court.

It is so ordered.