**ALLSTATE INSURANCE COMPANY**

v.

**AMERICAN UNDERWRITERS, INC.,** Attorney in Fact for the Subscribers at American Interinsurance Exchange, Jose Venegas, Will Winfield and Salvadore Pol.

**Civ. No. 5141.**

United States District Court,
N. D. Indiana,
Hammond Division.

May 5, 1970.

William Spangler, Gary, Ind., for Allstate Insurance Co.

James K. Whitaker, Hammond, Ind., for American Underwriters, Inc.

Marvin Silverman, East Chicago, Ind., for Will Winfield.

Defendants Jose Venegas and Salvadore Pol were not represented by counsel.

### MEMORANDUM

BEAMER, District Judge.

This is a declaratory judgment action, brought by Allstate Insurance Company against American Interinsurance

Exchange[1] to determine which of the two companies is under a duty to defend certain tort actions now pending in state court. The parties to those actions are named as defendants here, but the basic dispute is between the two insurers.

The facts are relatively simple. On February 2, 1967, Salvadore Pol was involved in an automobile accident with Will Winfield. At the time of the accident, Pol was driving a car owned by Jose Venegas, with the latter's permission. Winfield brought two separate tort actions in state court, both of which are now pending. The first named Pol as the sole defendant and demanded $25,000 in damages, primarily for personal injuries. The second named both Pol and Venegas as defendants, and demanded $701.66 for property damage.

Pol's own auto, which was inaccessible because of snow at the time of the accident, was insured by Allstate, under a policy with bodily injury limits of $25,000 and property damage limits of $10,000. The Venegas auto was insured by American, whose policy had limits of $10,000 for bodily injury and $5,000 for property damage.

Coverage for the accident would have been concurrent, but for the fact that both policies had "other insurance" clauses.[2] Allstate's was an "excess clause":

*If there is other insurance*

Allstate shall not be liable under this Part I [bodily injury and property damage] for a greater proportion of any loss than the applicable limit of liability stated on the Supplement Page bears to the total applicable limit of liability of all collectible insurance against such loss; provided, however, *the insurance with respect to a temporary substitute automobile or a non-owned automobile shall be excess insurance over any other collectible insurance.* [emphasis added].

American's was an "escape clause":

If the insured has other insurance against loss to which the liability coverage applies, then this policy shall not in any way apply. * * * It is the intent of this provision to make this policy's liability coverages contingent upon the non-existence of other insurance.

The problem is to reconcile the two.

This is a question of first impression in Indiana, and there appear to be no Indiana cases from which a reasonable analogy might be drawn. Numerous courts in other jurisdictions have wrestled with it, but the only result has been the gradual emergence of two more or less dominant approaches. The majority approach originated with the decision of the Seventh Circuit in Zurich General Accident & Liability Ins. Co. v. Clamor, 124 F.2d 717 (1942), where it was held that any decision must ultimately rest on the language used by the respective insurers. Applying that rule to facts similar to the ones now at bar, Judge Major, writing for the court, held that because the excess clause was more "specific" than the escape clause, the owner's policy was primary and the driver's insurer was liable only for the excess.

The minority approach originated with Oregon Auto Ins. Co. v. United States Fidelity & Guaranty Co., 195 F.2d 958 (9th Cir. 1952). There the court expressly rejected the approach used in Zurich and decided instead that the only rational solution was to hold both companies liable and make them pro-rate the loss in proportion to the limits of their respective policies.

The primary arguments of both parties here assume the applicability of the Zurich approach. Allstate contends that the facts of this case are indistinguishable from those in Zurich. American agrees that the Zurich approach is proper, but contends that Allstate should be

---

1. Defendant American Underwriters, Inc. is attorney in fact for American Interinsurance Exchange.

2. Pol's policy covered his use of "non-owned automobiles." Venegas' policy covered anyone using Venegas' automobile with his permission.

found solely liable because the language of American's "nonstandard" escape clause is more specific than the language of Allstate's excess clause. In support of that contention, American cites Indiana Lumbermens Ins. Co. v. Mitchell, 409 F. 2d 392 (7th Cir. 1969), where the Seventh Circuit held that an escape clause which expressly excluded liability if there was other collectible insurance, "either primary or excess," would prevail over Allstate's excess clause.

However, unlike the escape clause in *Mitchell*, American's clause does not refer specifically to excess insurance. The draftsmen obviously intended to make it as emphatic as possible, but emphasis and specificity are two different things. The reiteration of a general statement in slightly different terms makes it no less general. Under the *Zurich* test, even as modified by *Mitchell*, American's coverage would have to be found primary.

But this court seriously doubts that the *Zurich* test would be adopted in Indiana. The decision in *Zurich* was based on the familiar rule that specific language controls general. That rule is a rule of construction, and like others of its kind, assumes that the ultimate question is the intent of the parties. Here, however, the intent of the parties is clear: both wanted to avoid primary liability. In a situation like this, rules of construction can serve no useful purpose. As Judge Castle observed in *Mitchell*, "such conflicts cannot, in reality be reconciled." 409 F.2d at 394.

The *Zurich* case arose under Illinois law. At the time, the Illinois Supreme Court had not yet spoken on the problem. In fact, the Seventh Circuit was unable to find any direct precedent. 124 F.2d at 720. The pro-rata approach of Oregon Auto Ins. Co. v. United States Fidelity & Guaranty Co., supra, was not devised until years later, and was never argued before the Seventh Circuit unil the *Mitchell* case, in 1969. By that time, the Illinois Supreme Court had decided to follow *Zurich*, and the Seventh Circuit was bound. See New Amsterdam Casualty Co. v. Certain Underwriters at Lloyds, London, 34 Ill.2d 424, 216 N.E.2d 665 (1966); Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

However, the Indiana courts have not yet been faced with this problem; and this court is of the opinion that if they were, they would choose the pro-rata approach. Cases of this type cannot be resolved either by a literal reading of the language used or by an inquiry into intent. A literal reading of both policies would result in an infinite regress—as Judge Major noted in *Zurich*, the problem of the hen and the egg. And the only way to effectuate the intent of both companies would be by holding neither liable—a result which would obviously be contrary to public policy. Under the circumstances, the only fair solution, and the one which this court believes would be adopted by the Indiana courts, is to find the excess clause and the escape clause mutually repugnant, and to require the two insurers to share the loss in proportion to the limits of their respective policies.