**The AETNA CASUALTY AND SURETY COMPANY**

v.

**HOME INDEMNITY COMPANY.**

**Civ. No. 71 H 100.**

United States District Court,
N. D. Indiana,
Hammond Division.

Aug. 27, 1971.

Donald E. Scholl, Murphy, McAtee, Murphy & Costanza, East Chicago, Ind., for plaintiff.

Steven Crist, Hammond, Ind., for defendant.

MEMORANDUM

BEAMER, District Judge.

This is a declaratory judgment action between two insurance companies, brought for the purpose of determining their respective duties in connection with the defense of a personal injury action now pending in this court.[1] The material facts have been stipulated, and the case is now before the court on cross-motions for summary judgment.

On October 28, 1970, Walter Colsmann was involved in an automobile accident in Lake County, Indiana. At the time of the accident, he was driving a car owned by Allan Kloskowski, with the latter's permission. That vehicle was insured by Home Indemnity Company, under a policy with bodily injury limits of $50,000 per person and $100,000 per accident. Colsmann's own car was insured by The Aetna Casualty and Surety Company, under a policy with limits of $100,000 and $300,000. In addition, if he was on company business at the time of the accident, Colsmann was also covered by an Aetna policy issued to his employer, with limits of $250,000 and $500,000.

The occupants of the other car involved in the accident have filed suit against Colsmann for a total of $300,-000. The question for decision is the distribution of the risk between the two insurers. Both companies use substantially identical "other insurance" claus-

---

1. Franz Schrier and Aloisia Schrier v. Walter Colsmann and Sarcol, Inc., Civ. No. 71 H 40.

es. The Home policy provided as follows:

> If the insured has other insurance against a loss covered by Part I of this policy the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance.

The Aetna policy issued to Colsmann used exactly the same language. The policy issued to his employer provided as follows:

> If the insured has other insurance against a loss covered by this policy the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance under this policy with respect to loss arising out of the maintenance or use of any hired automobile insured on a cost of hire basis or the use of any non-owned automobile shall be excess insurance over any other valid and collectible insurance.

Relying on this court's decision in All-state Insurance Company v. American Underwriters, Inc., 312 F.Supp. 1386 (N.D.Ind.1970), Home contends that its clause conflicts irreconcilably with Aetna's, and that the two clauses should therefore be held mutually repugnant, and the liability of the two companies pro-rated in proportion to the limits of their respective policies.

At first glance, the argument is persuasive. Taken literally, the two clauses do conflict. If each company furnishes "other insurance" within the meaning of the other's policy, Home accepts only a pro-rata share of the risk, and Aetna disclaims primary coverage entirely. The conflict of course disappears if one of the policies can be held not to constitute "other insurance." And this is how most courts have resolved it, usually ruling in favor of the company relying on the excess clause. *See* Annot., 76 A.L. R.2d 502 (1961). But that solution seems to beg the question. By its terms, the excess clause comes into play only if the insured has "other valid and collectible insurance," but to find that the vehicle policy fits that category,[2] a court must first find that its pro-rata clause is inapplicable, and that finding can only be based on a *prior* determination that the excess clause in the driver's policy applies (*i. e.*, that the driver's policy does not constitute "other insurance" within the meaning of the vehicle policy).

The net result is the same as in *Allstate, supra:* an infinite regress. But it does not necessarily follow that the only fair solution is to pro-rate the risk. In apportioning the risk, the court is sitting in equity, not construing a contract. It can properly look to the parties' intent, as well as the language used to effectuate it.

That approach was fruitless in *Allstate*, since the parties there had fundamentally conflicting goals. One was attempting to avoid liability entirely, while the other was trying to avoid primary liability. Here, however, both companies used essentially the same clause, and it seems clear that both were trying to accomplish the same result: to furnish secondary coverage only, when the insured was driving a non-owned vehicle.

But that result can be accomplished within the confines of public policy only if the owner's company furnish-

---

2. For the excess clause to make any sense at all, the "other insurance" that triggers it has to be something more than the partial primary coverage afforded by a policy with an effective pro-rata clause.

es primary coverage. While no express undertaking to furnish primary coverage in a case like this appears in either policy, it seems only fair that a company which uses an excess clause itself should be required to honor the same clause when other companies use it. The court therefore holds that Aetna's excess clause prevails over Home's pro-rata clause, and that Home, as the vehicle insurer, is primarily liable for any judgment against Walter Colsmann in Civ. No. 71 H 40.