Severo **TORRUELLAS, Jr.,** and in representation of his wife Carmen Lopez Collazo and in his own rights, Plaintiffs,

v.

**HARTFORD ACCIDENT INDEMNITY CO.** and **National Fire Insurance Co.,** Defendants.

Civil No. 138–69.

United States District Court,
D. Puerto Rico.

Jan. 24, 1972.

**312**

Carlos A. Chavier Stevenson, San Juan, P. R., for plaintiffs.

Miranda-Cardenas & Gallardo, San Juan, P. R., for Hartford Accident.

González & Rodríguez, San Juan, P. R., for National Fire.

## MEMORANDUM OPINION AND ORDER

TOLEDO, District Judge.

This cause is before this Court to determine the respective liabilities of the two codefendants' insurance companies under the automobile insurance policies issued by them and involved in this cause.

Plaintiffs filed on February 26, 1969, a complaint against the Hartford Accident Indemnity Company and the National Fire Insurance Company, alleging that while coplaintiff Severo Torruellas,

Jr. was a passenger in an automobile owned and driven by Roberto Matanzo, he suffered injuries when said automobile was struck from behind by a car owned by Idalia Ramos Morales and driven by Samuel Gracia Gracia, with the consent of the owner.

On the day of the accident, the public liability of Mr. Gracia Gracia, who was operating the automobile owned by Mrs. Ramos Morales, was covered by Policy No. GF–304897, issued, on a 1970 Mercedes Benz, by Hartford Accident and Indemnity Company. Said policy has a bodily injury liability limit of $100,000 for each person or $300,000 for each accident. Mrs. Ramos Morales' public liability was covered by Policy No. AEC 394–83–08, issued, on a 1968 Volvo, by National Fire Insurance Company. This last mentioned policy has a bodily injury liability limit of $10,000 for each person and $20,000 for each accident. Mr. Gracia Gracia was covered, at the time of the accident, by the policy issued to Mrs. Ramos Morales in view of the omnibus clause of her policy.

All the parties agreed that the reasonable compensation for the damages suffered by plaintiffs was the amount of $7,000. Codefendant National Fire Insurance Company volunteered to pay the entire amount so as to litigate the matter of the distribution of said amount with codefendant Hartford Accident and Indemnity Company, without any hardship to the plaintiffs. On the basis of the aforesaid, this Court accepted plaintiffs' voluntary dismissal of the action against the codefendants.

Both codefendants have filed briefs on the subject at issue and the copies of the involved insurance policies have been filed in the Court.

The policy issued by Hartford Accident and Indemnity Company contains an "Other Insurance" clause which reads as follows:

"Other Insurance: If the insured has other insurance against a loss covered by Section I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

(Section I is entitled "Liability" and includes both bodily injury and property damage).

National Fire Insurance Company's policy also contains an other insurance clause which reads as follows:

"Other Insurance: If the insured has other insurance against a loss covered by Part III of this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability of this policy bears to the total applicable limit of liability of all valid and collectible insurance against such loss provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any valid and collectible insurance."

(Part III is entitled "Liability" and includes both bodily injury and property damage).

From the above cited clauses of the insurance policies herein under consideration, it can be readily seen that they are identical. Both excess coverage provisions refer to "temporary substitute automobiles or non-owned automobiles" and a reading of other applicable provisions of the policies show both concepts of the excess coverage provision are defined equally.

The only issue before the consideration of this Court is, whether the policy issued by the Hartford Accident and Indemnity Company covering the public liability of Mr. Gracia Gracia, driver of the car owned by Mrs. Ramos Morales, and insured by the National Fire Insurance Company, is to be obligated only on

excess of other collectible insurance, or is it to share, in any way, the loss with National Fire Insurance Company.

■ The issue before us has never been considered by the Supreme Court of the Commonwealth of Puerto Rico; which court's interpretation this Court would have followed being this a matter to be decided according to state law or state doctrinal law. In view of this situation, this Court is not bound by any local interpretation and is completely free to apply the pertinent federal and state doctrines regarding this issue which we deem correctly state the law on the subject.

■■ Within the context of the factual situation leading to this cause, we need to apply the pertinent clauses of the policies under consideration. Since Mr. Gracia Gracia was driving a "temporary substitute automobile or non-owned automobile", Hartford Accident and Indemnity Company, his insurer, would afford coverage in excess of "any other valid and collectible insurance". We cannot give the same application to the policy issued by National Fire Insurance Company to Mrs. Ramos Morales, since she was not using a "temporary substitute automobile or non-owned automobile" at the time of the accident. This is not to say that under the factual context National Fire Insurance Company's "Other Insurance" clause is not operative; but only that the excess insurance disposition of the clause is not operative. Within the context under consideration, the disposition of National Fire Insurance Company's "Other Insurance" clause that could be applicable would be that which reads: "If the insured has other insurance against a loss covered by Part II [Liability] of this policy, the company shall not be liable under this policy for a greater proportion of such loss than the applicable lim-

it of liability of this policy bears to the total applicable limit of all valid and collectible insurance against such loss" [1], that is, the prorata disposition. This means that under the factual context of this cause National Fire Insurance Company will be liable for the loss, either entirely or prorata, dependent on whether there was other valid insurance against the loss.

■ Since we have said that Hartford Accident and Indemnity Company's policy under the circumstances of this cause only affords coverage in excess of any other valid and collectible insurance, then, National Fire Insurance Company's prorata disposition in the "Other Insurance" clause, is, under the factual circumstances of this cause, inapplicable; that is, National Fire Insurance Company's insured do not have "other insurance against a loss covered by Part II [Liability]" of said policy. This is so because National Fire Insurance Company's liability limits for bodily injury are $10,000 for each person and $20,000 for each accident and the present cause, as we said before, has been settled for $7,000. Under the circumstances, the only "other insurance" National Fire Insurance Company's insured could have, cannot become effective until the exhaustion of National Fire Insurance Company's limits. For this reason the prorata clause in National Fire Insurance Company's policy does not apply and it is liable to the full extent of its policy limits.

The jurisprudence dealing with this issue are far too numerous for this Court to list and discuss them; nothing will we earn by it. But see, Citizens Mutual Auto Insurance Company v. Liberty Mutual Insurance Company (6 Cir. 1959), 273 F.2d 189 and cases cited therein. See also Thurston-National Insurance Company v. Zurich Insurance

1. The fact that the clause reads *"if the insured has other has other insurance"* does not mean other insurance purchased by the insured, for the purpose of the law is to equalize the burden, whenever possible, between two carriers upon an identical risk, both of whom have been compensated to carry the risk. It is the exposure and not the name of the premium payer that is determinant. 8 Appleman, Insurance Law and Practice, Section 4911, page 381.

Company (D.C.Okl.1969), 296 F.Supp. 619.

The general rule which we have today applied is the majority rule all over the United States on the subject at issue. Appleman describes it in the following way:

"It has been held that where the owner of an automobile or truck has a policy with an omnibus clause, and the additional insured also has a non-ownership policy which provides that it shall only constitute excess coverage over and above any other valid, collectible insurance, the owner's insurer has the primary liability. In such case the liability of the excess insurer does not arise until the limit of the collectible insurance under the primary policy has been exceeded. It should be noted that under this rule the courts give no application to the other insurance clause in the primary policy, which provides that if the additional insured has other valid and collectible insurance, he shall not be covered by the primary policy. That is because the insurance under the excess coverage policy is not regarded as other collectible insurance, as it is not available to the insured until the primary policy has been exhausted, or to put it another way, a non-ownership clause, with an excess coverage provision, does not constitute other valid and collectible insurance within the meaning of a primary policy with an omnibus clause."

8 Appleman, Insurance Law and Practice, Section 4914, pages 400–402.

2. In the *Moyano* case a minor plaintiff was injured in an automobile accident which occurred when plaintiff's brother, Jose Moyano Colón, while driving an automobile owned by Angel Acevedo Colón, lost control of the same and struck a tree on the side of the road. The mentioned vehicle was at the time of the accident used by Mr. Moyano Colón as a "temporary substitute" automobile for the car he regularly utilized. His regular automobile was owned by his employer, Terrazos Colón Colón, Inc.

The doctrine has also been extensively discussed in 8 Blashfield Automobile Law and Practice, Section 345 and in Annotation, *Apportionment of liability between automobile liability insurers where one of the policies has an "excess insurance" clause and the other a "proportionate" or "prorata" clause*, 76 A.L. R.2d 535. See also 7 Am.Jur.2d, Section 202, p. 544; 45 C.J.S. Insurance § 925, p. 1040.

Recently, this Court had an opportunity to confront a situation very similar to the one under consideration. In Jose Moyano, et al. v. The British America Assurance Company and Hartford Accident and Indemnity Company,[2] (Civil 287–70, Opinion of December 19, 1972), the Honorable Chief Judge Hiram R. Cancio, speaking for this Court, after noticing that the "other insurance" clause of each of the involved policies were basically identical and that they both defined "temporary substitute" automobile in the same manner, expressed the following:

"If we were to apply, then, the pertinent clauses of the respective policies to the situation at hand, and, since Mr. Moyano Colón was driving a "temporary substitute" automobile, his policy would only afford coverage in excess of any other "valid and collectible insurance", while coverage under the policy issued by British for the unit Mr. Moyano was driving would be limited to a proportion of the loss based on the relation of policy limits "to the total applicable limit of liability of all valid and collectible in-

The automobile owned by Mr. Acevedo Colón was covered, at the time of the accident, under an insurance policy issued by the British America Assurance Company; which policy had a bodily liability limit of $50,000 for each person and $100,000 for each accident. The automobile owned by Terrazos Colón Colón, Inc. was insured, at the time of the accident, by Hartford Accident and Indemnity Company with a bodily liability limit of $25,000 for each person and $50,000 for each accident.

surance against such loss". Under these circumstances, which clause should take precedence so as to render the other inaplicable?"

The Honorable Chief Judge Cancio then proceeded to state that, in his opinion, an identical factual situation was presented in the case of American Surety Company of New York v. Canal Insurance Company (4 Cir. 1958), 258 F. 2d 934; which case decides in the same way we here today decide. The Honorable Chief Judge further expressed in his opinion that the *Canal Insurance* case doctrine has been reaffirmed and strengthened in numerous recent decisions such as State Farm Mutual Auto Insurance Company v. American Casualty Company (8 Cir. 1970), 433 F.2d 1007, 1010; Walter v. Dunlap (3 Cir. 1966), 368 F.2d 118; Powell v. The Home Indemnity Company (8 Cir. 1965), 343 F.2d 856; Citizens Mutual Auto Insurance Company v. Liberty Mutual Insurance Company, supra; Employers' Liability Assurance Corporation v. Fireman's Fund Insurance Group (1959), 104 U.S.App.D.C. 350, 262 F.2d 239; Aetna Casualty & Surety Company v. Home Indemnity Company (D.C.Ind. 1971), 330 F.Supp. 735; First Insurance Company of Hawaii v. Continental Casualty Company (D.C.Haw.1970), 313 F. Supp. 808, 814; Priester v. Vigilant Insurance Company (D.C.Iowa 1967), 268 F.Supp. 156; Carolina Casualty Insurance Company v. Pennsylvania Thresherman and Farmers Mutual Casualty Insurance Company (D.C.Pa.1963), 216 F. Supp. 325, aff. 3 Cir. 1964), 327 F.2d 324.

We have seen no reason why we should deviate from said Opinion.

Codefendant National Fire Insurance Company tries to persuade us to accept the rationale exposed in the case of Cosmopolitan Mutual Insurance Company v. Continental Casualty Company (Supreme Court of N.J.1959), 28 N.J. 554, 147 A.2d 529. Such rationale is very persuasive but is applicable to a factual situation different from the one present in this cause. In the cited case each policy, insofar as its coverage of the accident is concerned, provided that its insurance "shall be excess insurance over any other valid and collectible insurance". If a literal meaning would have been given to both clauses, within the therein factual situation, the result would have been that neither policy covered the loss; which result undoubtedly would have produced an unintended absurdity. Such is not the situation herein; as we have shown before and consider unnecessary to now repeat. The situation at present is more similar to the one discussed in the same cited case at page 533 of 147 A.2d. The other cases cited by National Fire Insurance Company are predicated upon the same principle it proposes and are likewise not applicable to the situation at bar.[3]

In relation to National Fire Insurance Company's additional assertion that if plaintiffs may truly recover from Mrs. Ramos Morales, as the owner of the vehicle which caused the damages, she in turn has, under Article 101 of the Vehicles Law of the Commonwealth of Puerto Rico, Title 9, Laws of Puerto Rico Annotated, Section 1751, the right to recover from Mr. Gracia Gracia, as the actual tort-feasor, it suffices to say that such assertion is now improvident. It should have been brought upon an affirmative defense in National Fire Insurance Company's answer to the complaint or by way of a counter-claim.

In view of the foregoing, it is the opinion of this Court that National Fire Insurance Company is not entitled to any amount from Hartford Accident and Indemnity Company, for as we found the latter insurance company was not liable to the plaintiffs under the terms of its policy.

---

3. The factual situation before this Court is not the one contemplated in Annotation, *Apportionment of Liability between lia-* *bility insurers each of whose policies provide that it shall be excess insurance*, 69 A.L.R.2d 1122.