UNITED SERVICES AUTOMOBILE ASSOCIATION, Plaintiff-Appellant,

v.

AMERICAN INTERINSURANCE EXCHANGE, Defendant-Appellee.

No. 2–680A207.

Court of Appeals of Indiana, First District.

Feb. 24, 1981.

Rehearing Denied April 21, 1981.

Jon L. Williams, Ricos, Wade & Price, Indianapolis, for plaintiff-appellant.

Donald L. Tunnell, John W. Hammel, Yarling, Tunnell, Robinson & Lamb, Indianapolis, for defendant-appellee.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant United Services Automobile Association (USAA) appeals the granting of summary judgment to defendant-appellee American Interinsurance Exchange (AIE) entered by the Marion Superior Court. The court denied USAA's motion for summary judgment. Both motions concerned an out of court settlement between USAA and AIE whereby the settlement loss was apportioned pro rata in accordance to their respective policy limits.

## STATEMENT OF THE FACTS

The undisputed facts reveal that on July 4, 1976, Linda Fulmer (Fulmer) was driving an automobile owned by Ronald Owsley (Owsley) who also accompanied Fulmer. While driving Owsley's car, Fulmer collided with a vehicle owned and operated by Charles Bridwell (Bridwell). Bridwell brought a damage suit against Fulmer and Owsley for personal injuries sustained in the collision. Fulmer was insured under a family automobile insurance policy issued to her father, William E. Fulmer, by USAA, wherein the policy liability limits were $100,000 per person. Owsley was insured under a policy issued by AIE wherein the policy liability limits were $15,000 per person. Under the terms of Owsley's AIE insurance policy, Fulmer was also insured as a non-owner driver. Bridwell settled his personal injury action out of court for $7,500. Under the terms of the settlement agreement, USAA and AIE contributed pro rata shares of $^{100}/_{115}$ths and $^{15}/_{115}$ths respectively, USAA paying Bridwell $6,521.74 and AIE paying $978.26. Contributions were apportioned by prorating the loss in accordance to each insurer's respective liability limit. USAA and AIE, under the terms of the settlement, reserved the right to contest their respective liability under the terms of the policies. USAA brought the instant action against AIE seeking a declaratory judgment of its liability on the underlying claim. Both USAA's and AIE's policies are family automobile insurance plans with similar coverage provisions. Each policy contains identical "other insurance" clauses which provide conditional and limited coverage in the event other insurance is applicable to a loss. USAA's and AIE's "other insurance" clauses provide:

> "*Other insurance.* If the insured has other insurance against a loss covered by Part I of this policy the company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of all valid and collectible insurance against such loss; provided, however, the insurance with respect to a temporary substitute automobile or non-owned automobile shall be excess insurance over any other valid and collectible insurance."

The trial court, without issuing findings of fact or conclusions of law, denied USAA's motion for summary judgment and granted AIE's motion for summary judgment.

## ISSUES

USAA presents two arguments which we restate as follows:

I. Whether the "other insurance" clauses are conflicting and mutually repugnant; and

II. Whether apportionment of the loss between USAA and AIE by pro rata contribution according to policy limits is inequitable and prejudicial.

## DISCUSSION AND DECISION

### Issue I. "Other insurance" clauses

■ Summary judgment is appropriate only where it appears from pleadings, depositions, answers to interrogatories and admissions on file together with affidavits and testimony, if any, that there is no issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *City of Fort Wayne v. Bentley*, (1979) Ind.App., 390 N.E.2d 1096; Ind. Rules of Procedure, Trial Rule 56(C). The standard applied by the Court of Appeals in reviewing the grant of a summary judgment motion is the same as that applied by the trial court; we must reverse the summary judgment if the record discloses an unresolved issue of material fact or an incorrect application of the law to those facts. *Wienke v. Lynch*, (1980) Ind.App., 407 N.E.2d 280; *Indiana State Highway Commission v. Amoco Oil Company*, (1980) Ind. App., 406 N.E.2d 1222; *Richards v. Goerg Boat and Motors, Inc.*, (1979) Ind.App., 384 N.E.2d 1084. In the case at bar the facts are not in dispute; however, USAA does challenge the trial court's ruling as being an incorrect statement of the law in Indiana.

■ USAA's principal argument is this: though both insureds' "other insurance" clauses are literally identical, they do not conflict when properly read as the parties intended. From its explanation of how the "other insurance" clauses are to be read, USAA proposes that its liability to the loss is *only* as excess insurance to AIE's primary liability. USAA explains that by partitioning the clauses into two separate sections, the first section being a "pro rata" clause and the second an excess clause, its liability can only be excess to AIE's insurance. For example, when an insured is a non-owner

driver, i. e. Fulmer, the excess clause section of USAA's "other insurance" clause becomes operative while, at the same time, AIE's policy remains as primary coverage. USAA stipulates that its explanation of how the identical "other insurance" clauses are to be interpreted must have been as both insurers had intended in contracting with their insureds since the "parties could not have intended that the rule and its exception should both apply at the same time." That being the case, USAA asserts:

"Examination of the USAA policy clearly and unequivocally states that 'insurance with respect to a ... non-owned automobile *shall be excess insurance over any other valid and collectible insurance.*' (Emphasis supplied). Accordingly, since Linda G. Fulmer was operating a non-owned automobile, the only coverage provided under the USAA policy is excess as stated therein."

USAA cites *Aetna Casualty and Surety Co. v. Home Indemnity Company*, (N.D.Ind. 1971) 330 F.Supp. 735, in support of its proposition. In *Aetna, supra*, the Federal District Court held that the two insurers' "other insurance" clauses did conflict with each other; for apportioning the loss, the court, sitting in equity, further held that the vehicle owner's insurer is primarily liable for the loss while the driver's insurer is only liable for the excess amount. The District Court's reasoning, USAA argues, is premised upon the fact that both insurers' "other insurance" clauses provide excess coverage in the event of a loss occurring when the insured is driving a non-owned vehicle. Therefore, the court construed the vehicle driver insurer's excess clause as the operative section without, at the same time, giving recognition to the vehicle owner insurer's pro rata clause. The Federal District Court, at 330 F.Supp. 736–737, stated:

"Here, however, both companies used essentially the same clause, and it seems clear that both were trying to accomplish the same result: to furnish secondary coverage only, when the insured was driving a non-owned vehicle.

But that result can be accomplished within the confines of public policy only

if the owner's company furnishes primary coverage. While no express undertaking to furnish primary coverage in a case like this appears in either policy, it seems only fair that a company which uses an excess clause itself should be required to honor the same clause when other companies use it."

USAA relies on this opinion for the general proposition that Indiana law clearly supports the rule giving effect to the intention of the parties in insurance contracts.

AIE contends that the court in *Aetna, supra,* correctly found the insurers' "other insurance" clauses in conflict with each other, but it wrongly decided the case by refusing to apportion the loss using the proration method. AIE cites our Supreme Court's decision in *Indiana Insurance Company v. American Underwriters, Inc.,* (1973) 261 Ind. 401, 304 N.E.2d 783, for its proclamation of the rule in Indiana concerning conflicting "other insurance" clauses and loss apportionment. Following the rule laid down in *Indiana Insurance Company, supra,* AIE argues that loss is apportioned in Indiana on a pro rata basis upon the court's finding mutually repugnant "other insurance" clauses. It is USAA's contention that *Indiana Insurance Company, supra,* is inapposite to the instant case. USAA argues that our Supreme Court, in deciding *Indiana Insurance Company,* was *only* concerned with conflicting escape and excess clauses, but not conflicting pro rata and excess clauses. However, this last contention of USAA's is not borne out by our reading of *Indiana Insurance Company, supra,* wherein the court stated:

"Both policies, when read separately, appear to afford coverage to be insured. Yet each 'other insurance' provision forces an examination of its opponent. This 'circular riddle' can be resolved by (1) attempting to give effect to one policy provision over the other, or (2) applying mechanical or arbitrary rules hereinbefore discussed, or (3) *holding both clauses to be conflicting and mutually repugnant and, therefore, disregarding them. We find the last mentioned alternative to be the most reasonable. This method not only provides indemnification for the insured, but also, through the process of proration, gives effect to the general intent of the insurers.*

The insurers draft 'other insurance' provisions for the purpose of reducing their liability when the insured has access to other collectible insurance. Therefore, we can give effect to this purpose by holding that *where 'other insurance' clauses conflict, as in the case at bar, they are to be ignored and each insurer is liable for a prorated amount of the resultant damage not to exceed his policy limits. In such a case, there exists dual* [original emphasis] *primary liability.*

In the instant case, if neither policy had contained the 'other insurance' provision, then each insurer would have been liable in a prorated amount up to the respective policy limits. The same reasonable result should be reached where the policy provisions conflict[.]" (Emphasis added.)

261 Ind. at 407–408, 304 N.E.2d 783. Further, the *Indiana Insurance* court adopted the Oregon Supreme Court's reasoning in *Lamb-Weston, Inc. v. Oregon Automobile Insurance Company,* (1959) 219 Or. 110, 341 P.2d 110, *reh. denied,* 219 Or. 110, 346 P.2d 643, in which that court examined two insurance policies containing conflicting excess and pro rata clauses. Our Supreme Court cited the Oregon Court's holding which stated:

" 'The "other insurance" clauses of all policies are but methods used by insurers to limit their liability whether using language the relieves them from all liability (usually referred to as an "escape clause") or that used by St. Paul [Ins. Co.] (usually referred to as an "excess clause") or that used by Oregon [Ins. Co.] (usually referred to as a "prorata clause"). In our opinion, *whether one policy uses one clause or another, when any come in conflict with the "other insurance" clause of another insurer, regardless of the nature of the clause, they are in fact repugnant and each should be rejected in toto.*' " (Emphasis added.]

261 Ind. at 408, 304 N.E.2d 783. Recently, this court has decided a case on the issue of "other insurance" clauses in *Indiana Insurance Co. v. Federated Mutual Insurance Co.*, (filed Jan. 20, 1981) Ind.App., 415 N.E.2d 80, 84, wherein we stated:

"When the 'other insurance' clause provisions of two insurance policies conflict, many jurisdictions, including Indiana, view these clauses as mutually repugnant, irreconcilable and as presenting a 'circular riddle.'" (Footnote omitted.)

Upon our finding the two "other insurance" clauses mutually repugnant and irreconcilable in *Federated Mutual Insurance Co., supra*, we held at 415 N.E.2d p. 86:

"We agree with our Supreme Court's reasoning in *Indiana Insurance Company, supra*, and with the supporting cases. Where 'other insurance' clauses are found to be mutually repugnant they should be disregarded *in toto*. Applying this law to the facts before us, we conclude that Federated and Indiana's policies contain conflicting excess and escape clause provisions which are irreconcilable. Therefore, these clauses are to be totally disregarded. Upon our excising the conflicting clauses, Federated's and Indiana's liability limits are identical, and, as the trial court ruled, they share primary liability for the loss."

Upon review of our analysis of the "other insurance" clause and its varying forms, i. e. pro rata, excess and escape in *Federated Mutual Insurance Co., supra*, we disagree with USAA's contentions that our Supreme Court's ruling in *Indiana Insurance Company, supra*, is inapposite. Its decision clearly speaks to conflicting "other insurance" clauses whether they be of the pro rata, excess or escape clause variety.

Here, USAA's and AIE's insurance policies contained identical "other insurance" clauses which, when read together, were irreconcilable. To read these clauses as USAA contends they are to be read would amount to a judicial rewriting of the insurance contracts. Both USAA's and AIE's "other insurance" clauses are contained in single paragraph sections entitled in bold face: OTHER INSURANCE. Additional instructions are not provided in either insurance policy that would have us believe, as USAA argues, one part of USAA's clause is controlling while the identical part of AIE's clause is to be ignored. Furthermore, the District Court's ruling in *Aetna Casualty and Surety Co., supra*, upon which USAA largely relies, *is* inapposite.

We hold, as we recently held in *Federated Mutual Insurance Co., supra*, USAA's and AIE's "other insurance" clauses conflict and are mutually repugnant. Therefore, they are to be disregarded *in toto*, and both insurers share primary liability for the loss. The trial court's judgment will not be disturbed.

*Issue II. Apportionment of the loss*

■ USAA next contends that in the event we determine that the "other insurance" clauses are mutually repugnant, liability between the insurers should be apportioned equally since proration according to policy limits is unequitable and prejudicial to USAA. Further, USAA argues that to impose the pro rata contribution method upon it would place a greater share of the loss on USAA "solely by reason of USAA's higher policy limits." While we certainly understand that USAA's liability is greater than AIE's liability under pro rata contribution, we nonetheless hold that proration of the loss according to the liability limits of each insurer is the correct method for apportioning the loss in this State.[1]

Judgment affirmed.

ROBERTSON and RATLIFF, JJ., concur.

---

1. The Indiana Supreme Court in *Indiana Insurance Company, supra*, at 408–409, adopted the proration rule, and quoted from *Werley v. United Services Automobile Association*, (1972) 498 P.2d 112, in its support of the rule:

"'It [proration] does not arbitrarily pick one of the conflicting clauses and give effect to it; it does not deprive the insured of any coverage; it is not prejudical in giving a windfall to one insurer at the expense of another; it does not encourage litigation between insurers; it does not delay settlements. On the other hand, *it does enable underwriters to predict the losses of the insurers more*

*accurately; it does preclude the use of illogical rules developed by the courts (e. g., first in time, specific v. general and primary tortfeasor doctrines); and it does give a basis for uniformity of result.* In addition, prorating the loss among all insurers is a rule that can be applied regardless of the number of insurers involved and regardless of the type of conflicts that are created by the "other insurance" clauses.' " (Emphasis added.)